No. 26302
No. 26303

**The People of the State of Colorado v. Marshall Gayle Davis**
(526 P.2d 312)

Decided September 16, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Gregory L. Williams, Assistant, for plaintiff-appellee.

Cole, Hecox, Tolley, Edwards & Hero, Gerald G. Tolley, W. Thomas Beltz, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Marshall Gayle Davis plead guilty in August, 1972, to the crime of manslaughter, a class 4 felony. He was sentenced on January 19, 1973, to serve a minimum term of three years in the state penitentiary. Colo. Sess. Laws 1972, ch. 44, 39-11-101(1)(b) at 239, 39-11-304 at 249. On July 1, 1973, new sentencing provisions which were enacted by the state legislature became effective in Colorado. Our new statute requires that a maximum sentence be imposed but eliminates minimum sentences for class 4 and class 5 felonies, including the crime of manslaughter. Colo. Sess. Laws 1973, ch. 145, 39-11-101(1)(b) at 503, 39-11-304 at 503. Under the new sentencing provisions, all persons sentenced after July 1, 1973, who have no minimum sentence, are eligible for automatic parole review after nine months' incarceration.

However, Davis' conviction is final. He was sentenced prior to the effective date of the new statute and was given a three-year minimum sentence. He is not eligible for parole consideration until he has satisfactorily served such portion of his three-year minimum sentence as the law requires.

Davis filed a motion in the trial court under Crim. P. 35(b), as a consequence of the sentencing provision changes, seeking a declaration that he is immediately eligible for parole consideration, even though he has not served the required minimum term.[1] The trial court denied the motion, and he has appealed.

To afford Davis relief, we would have to strike, disregard, or commute his minimum sentence to make the sentence indeterminate. We do not have the power which Davis ascribes to the court. *Colo. Const.* Art. IV, Sec. 7; *People v. Herrera,* 183 Colo. 155, 516 P.2d 626 (1973).

Our tripartite system of government is premised on an independent and separate legislative, executive, and judicial division of government. When power is placed in one department, it cannot be exercised by another. *Colo. Const.* Art. III.

Our judicial power is limited by the Colorado Constitution in Article IV, Section 7, which delegates to the governor the exclusive authority "to grant . . . commutations . . . after conviction, for all offenses except treason." *See People v. District Court,* 180 Colo. 107, 502 P.2d 420 (1972).

Thus, Davis has requested this court to act beyond its constitutional capabilities. To correct any injustice caused by the 1973 statute, Davis must look to the power of executive clemency which is entrusted to the governor.

Accordingly, the judgment is affirmed.

---

[1] Davis' petition for relief placed primary reliance for authority upon *Marrero v. Warden,* 483 F.2d 656 (3d Cir. 1973), which was recently overturned by the Supreme Court. *Warden v. Marrero,* 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974).