581 P.2d 741 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Norman Harold PACHECO, Defendant-Appellant.
No. 77-235.
Colorado Court of Appeals, Div. 2.
June 29, 1978.
*742 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Linda Palmieri Rigsby, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, Terri L. Brake, Deputy State Public Defender, Pueblo, for defendant-appellant.
KELLY, Judge.
After pleading guilty to charges of first degree murder and assault in the first degree, the defendant was sentenced to concurrent terms of life imprisonment on the first degree murder charge and 34 to 38 years on the charge of assault in the first degree. A plea agreement between the prosecution and the defendant provided, among other things, that the sentence imposed on the assault charge would run concurrently with the sentence imposed on the murder charge. Pursuant to § 18-1-409, *743 C.R.S. 1973, the defendant seeks review of the sentence imposed on the assault charge, contending that the sentence was excessive.
Upon appellate review of a felony sentence, regard must be given to the interests of the public, the nature of the offense, and the possibility of rehabilitation as it relates to the character of the offender. People v. Strong, Colo., 544 P.2d 966 (1976). Assault in the first degree is a class 3 felony, § 18-3-202, C.R.S. 1973, punishable by five to 40 years in the state penitentiary. Section 18-1-105, C.R.S. 1973 (1976 Cum. Supp.). Accordingly, the 34- to 38-year term imposed against the defendant on the assault charge was, in effect, a maximum sentence. People v. Strong, supra.
The defendant argues that because the plea bargaining agreement contained a stipulation of his impaired mental capacity, see § 16-11-103, C.R.S. 1973 (1976 Cum. Supp.), which was supported by facts disclosed in the presentence investigation, the trial court was obliged, but failed, to consider the defendant's mental capacity in imposing sentence on the assault charge. While a defendant's impaired mental capacity at the time of the commission of an offense is an appropriate factor to be taken into consideration by a trial court at the time of sentencing, other factors must also be considered. Here, the defendant had an extensive juvenile and criminal history; the crimes to which he pled guilty were serious and vicious in nature; and a presentence psychiatric report characterized the defendant as a "very dangerous man" who was "actively homicidal." Given these circumstances, the trial court was justified in imposing what was tantamount to a maximum sentence on the assault charge. People v. Strong, supra.
The defendant also argues that the sentences for first degree murder and for first degree assault were inconsistent because of the disparate parole eligibility dates resulting from the two sentences. Thus, he argues that on his sentence of life imprisonment, he could be eligible for parole in ten years, see § 17-1-207(3), C.R.S. 1973; however, on the sentence imposed on the assault charge, the defendant argues that he would be required to serve fifteen and one-half years prior to parole eligibility. See § 27-20-107, C.R.S. 1973. It follows, according to the defendant, that the 34-year minimum sentence on the assault charge is actually in excess of the "indeterminate minimum" of the first degree murder charge.
The defendant's postulate that his minimum sentence on the first degree murder charge is "indeterminate" is incorrect. On the contrary, life imprisonment is the minimum sentence for first degree murder, death being the maximum sentence therefor. Section 18-1-105, C.R.S. 1973 (1976 Cum.Supp.) Accordingly, the 34-year minimum sentence imposed on the assault conviction was less than and consistent with the minimum sentence of life imprisonment for first degree murder.
Neither is there merit in the defendant's argument that the potentially disparate parole eligibility dates for the two offenses render the sentences inconsistent. For the purpose of sentencing, parole eligibility dates are not relevant either in the trial court or on appellate review. Minimum and maximum periods of confinement for criminal offenses are set by the General Assembly, and it is the obligation of the judiciary to impose sentences within the legislatively mandated limits. People v. Jones, 176 Colo. 61, 489 P.2d 596 (1971); § 16-11-304(1), C.R.S. 1973. Parole is a matter of grace and no prisoner is entitled to parole as a matter of right, Silva v. People, 158 Colo. 326, 407 P.2d 38 (1965); Berry v. State Board of Parole, 148 Colo. 547, 367 P.2d 338 (1961), and the granting or denial of parole is not a judicial function.
Sentence affirmed.
ENOCH and STERNBERG, JJ., concur.