GOVERNMENT OF THE VIRGIN ISLANDS, Appellee

v.

BEAUMONT GEREAU, ISHMAEL LA BEET, WARREN BAL-
LANTINE, MERAL SMITH, RAPHAEL JOSEPH
ISHMAEL LABEET, Appellant

No. 78-1386

United States Court of Appeals

Third Circuit

Argued December 12, 1978

Filed January 31, 1979

VICTOR G. SCHNEIDER, ESQ., Charlotte Amalie, St. Thomas, V.I., *for appellant*

ISHMAEL MEYERS, ESQ., U.S. Attorney, and MARK L. MILLIGAN, ESQ., Assistant U.S. Attorney, Christiansted, St. Croix, V.I., *for appellee*

Before SEITZ, *Chief Judge*, WEIS and GARTH, *Circuit Judges*

OPINION OF THE COURT

PER CURIAM:

Appellant, Ishmael LaBeet, now known as Ishmail M. Ali, and four co-defendants, were convicted on eight counts of first degree murder, two counts of robbery and four counts of first degree assault on August 13, 1973, following a jury trial in the District Court of the Virgin Islands. Each defendant was sentenced by the court to eight consecutive terms of life imprisonment on the first degree murder counts; concurrent terms were imposed on the remaining counts. See Government of Virgin Islands v. Gereau, 12 V.I. 212, 523 F.2d 140 (3d Cir. 1975), cert. denied, 424 U.S. 917 (1976); Government of Virgin Islands v. Gereau, 11 V.I. 265, 502 F.2d 914 (3d Cir. 1974), cert. denied, 420 U.S. 909 (1975).

On June 14, 1976, a timely motion for reconsideration of the eight consecutive life sentences was filed in the dis-

trict court on appellant's behalf. That motion, filed pursuant to Rule 35 of the Federal Rules of Criminal Procedure, 5 V.I.C. App. II, R. 35, was comprised of a challenge to the legality of appellant's sentence and a plea for judicial leniency. The motion was denied by the district court in an opinion and order dated February 9, 1978. Ali's appeal from that order presents only one issue for the consideration of this Court: "Whether the imposition of eight life sentences to be served consecutively constitutes cruel and unusual punishment, in violation of the eighth amendment to the Constitution of the United States."

Ali contends that his sentence constitutes cruel and unusual punishment because: (1) it is more excessive than other sentences that have been imposed for murder in the Virgin Islands; (2) it removes any possibility that he will become eligible for parole; (3) it is inherently cruel and severe; (4) it is disproportionate to the offense charged; (5) it is unnecessarily cruel in that the permissible aims of punishment could have been achieved as effectively by a less severe sentence; (6) it has had the effect of "denationalizing" Ali from his indigenous citizenship as a Virgin Islander; and (7) it was imposed arbitrarily and selectively to a member of an unpopular minority group. We do not find any of these contentions meritorious.

## I.

Ali was sentenced by the district court in accordance with 14 V.I.C. § 923(a), which then provided: "Whoever commits murder in the first degree shall be imprisoned for life." At that time, appellant's eligibility for parole was defined by 5 V.I.C. § 4601, stating:

Every prisoner confined . . . for the term of his natural life, whose record of conduct shows that he has observed the rules of the institution in which he is confined, upon recommendation of the Warden, supported by the recommendation of a psychiatrist and/or psychologist, may be released on parole after serving . . . 10 years

of a life sentence . . . ; Provided, however, That the Board of Parole, subject to the approval of the Governor, in its discretion by at least a two-thirds affirmative vote of all its members, upon recommendation by the Warden, supported by the recommendation of a psychiatrist and/or psychologist, is authorized to fix an earlier eligibility date for the release of prisoners on parole.

Because the district court determined that each of appellant's sentences on the first degree murder counts was to run consecutively to the others, he will not become eligible for normal parole consideration until August 13, 2053. The district court's decision to impose consecutive, rather than concurrent, terms of imprisonment upon Ali has created the alleged constitutional infirmities in his sentence.

## II.

■■ Two of appellant's contentions with respect to the constitutionality of the sentence imposed upon him evoke the equal protection strain inherent in the eighth amendment's prohibition of cruel and unusual punishments. See, e.g., Furman v. Georgia, 408 U.S. 238, 257 (1972) (Douglas, J., concurring) ("discrimination is an ingredient not compatible with the idea of equal protection of the laws that is implicit in the ban on 'cruel and unusual' punishments"). Ali claims that his sentence was imposed in a discriminatory fashion because it is more severe than other sentences that have been imposed for murder in the Virgin Islands and because it was imposed upon a group of young, black, native Virgin Islanders. With respect to these contentions he has called this Court's attention to the favorable treatment afforded by the district court to a white, mainland American's motion for reduction of a sentence imposed for second degree murder. The distinguishing features between appellant's crimes and that of a man convicted of second degree murder for the killing of his wife's lover adequately explains the district court's disparate treatment of the two motions. The record is completely de-

void of any proof that could even arguably support an equal protection claim. In the absence of any showing that Ali's sentence was either illegal or unconstitutional, we have no power to review the sentence imposed. Gore v. United States, 357 U.S. 386, 393 (1958); Government of Virgin Islands v. Richardson, 11 V.I. 213, 498 F.2d 892, 894 (3d Cir. 1974).

 Ali contends that a sentence of eight consecutive life terms is an inherently cruel and severe punishment, analogous to torture. We do not find this analogy persuasive. He also contends that his punishment was cruel and unusual because it eliminated any possibility of his becoming eligible for parole, thereby eliminating any incentive for rehabilitation. The Supreme Court held in Schick v. Reed, 419 U.S. 256 (1974), that a no-parole condition attached by the President to the commutation of a death sentence "is similar to sanctions imposed by legislatures such as mandatory minimum sentences or statutes otherwise precluding parole; it does not offend the Constitution." Id. 267 (footnote omitted). Recently, the Sixth Circuit has applied Schick v. Reed in rejecting a claim that a Kentucky statute authorizing the imposition of life imprisonment without parole for rape is violative of the eighth amendment. See Moore v. Cowan, 560 F.2d 1298, 1302–03 (6th Cir. 1977), cert. denied, 435 U.S. 929, 436 U.S. 960 (1978). The Supreme Court's opinion in Schick v. Reed mandates the conclusion that it is not per se impermissible for the legislature to authorize, and a court to impose, a term of imprisonment that precludes the possibility that the defendant will be paroled.

 This Court also rejects Ali's argument that the district court's sentencing decision was inconsistent with the Virgin Islands Legislature's decision to allow persons imprisoned for life to be considered for parole release after serving ten years. The Legislature has granted the district

court discretion in specifying whether sentences are to be served concurrently or consecutively, and has not indicated that that discretion is to be limited by considerations of parole eligibility. See 5 V.I.C. § 3672 & Revision note. Moreover, the Legislature has revised the penalties for murder subsequent to Ali's conviction. 14 V.I.C. § 923(a) now provides that: "Whoever commits murder in the first degree shall be imprisoned for the remainder of his natural life without parole." Act of May 1, 1974, No. 3560, § 1 (V.I.C. Cum. Supp. 1976). The same enactment amended the definition of parole eligibility in 5 V.I.C. § 4601 accordingly.

We note, as well, that although appellant has characterized his sentence as one eliminating any possibility that he will become eligible for parole, the district court pointed out that parole eligibility is not absolutely precluded in this case. The proviso to 5 V.I.C. § 4601, quoted above, allows the Board of Parole to fix an earlier eligibility date for parole release than would otherwise be specified by that section. Although that proviso would not apply to one convicted of first degree murder after the 1974 amendments to 14 V.I.C. § 923(a), it does provide some possibility of earlier release in appellant's case.

■ Ali contends that a punishment of life imprisonment without possibility of parole is disproportionate to his crimes. See Coker v. Georgia, 433 U.S. 584 (1977) (plurality opinion) (sentence of death is disproportionate to the crime of rape). The Supreme Court has held, however, that the death penalty may be imposed for the crime of deliberate murder. Gregg v. Georgia, 428 U.S. 153 (1976). A fortiori, a sentence of eight consecutive life terms imposed for a conviction on eight counts of first degree murder is not "grossly out of proportion to the severity of the crime." Coker, supra at 592.

■ Appellant also contends that his sentence was disproportionate in that a lesser sentence may have served as effectively the permissible aims of punishment. The plurality in Coker did state that "a punishment is 'excessive' and unconstitutional if it . . . makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering . . . ." Id. Despite Ali's contention to the contrary, we believe that the sentence imposed in this case may serve more effectively the legitimate penal purpose of isolating the offender from society than would a sentence imposing eight concurrent life terms of imprisonment. Viewed in the context of the crimes for which appellant was convicted, we cannot say that the legislative authorization and judicial implementation of the sentence imposed in this case constituted "the purposeless and needless imposition of pain and suffering." See generally Carmona v. Ward, 576 F.2d 405, 415–17 (2d Cir. 1978), cert. denied, 439 U.S. 1091, 47 U.S.L.W. 3460 (U.S., Jan. 8, 1979).

■ Finally, Ali contends that his incarceration in a penitentiary situated on the United States mainland constitutes cruel and unusual punishment in that it effects his "denationalization" as a Virgin Islander. See Trop v. Dulles, 356 U.S. 86 (1958) (denationalization as a punishment for wartime desertion is cruel and unusual punishment). Appellant has previously challenged the legitimacy of his transfer to a mainland penitentiary and the conditions of confinement there in requests for habeas corpus relief addressed to the District Court of the Virgin Islands and the United States District Court for the Northern District of Georgia. See Ali v. Gibson, 15 V.I. 548, 572 F.2d 971 (3d Cir. 1978) (remanding case to the district court for further proceedings); United States ex rel. Gereau v. Henderson, 526 F.2d 889 (5th Cir. 1976). Without addressing the merits of the contentions raised by the ap-

94

pellant in his pending habeas action, we conclude that his transfer to a mainland prison for the service of his sentence did not constitute denationalization, and that his transfer alone did not amount to the imposition of cruel and unusual punishment proscribed by the eighth amendment.

## III.

The judgment of the district court, denying appellant's request for a reduction of sentence, will be affirmed.