No. 28422

**The People of the State of Colorado v. Henry Jones**

(604 P.2d 679)

Decided December 10, 1979.                    Rehearing denied January 21, 1980.

Paul Q. Beacom, District Attorney, Marc P. Mishkin, Deputy, Suzanne A. Schiro, Deputy, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Terri L. Brake, Deputy, for defendant-appellee.

*En Banc.*

JUSTICE GROVES delivered the opinion of the Court.

This is an appeal by the People from an order of the district court granting the defendant credit on his life imprisonment sentence for presentence confinement. We hold that the defendant is not entitled to sentencing credit for presentence confinement, and reverse.

In 1970 the defendant was convicted of first-degree murder and, in accordance with the jury verdict, sentenced to life imprisonment.[1] Bail was fixed for the defendant following his arrest but being indigent he was unable to post bond. He was incarcerated 14 months and two weeks between the time of his arrest and the time of his sentence. On June 16, 1978 the defendant filed a motion under Crim. P. 35(b) seeking an order granting him credit for the presentence confinement. This motion was granted and the People appealed. The first-degree murder statute under which the defendant was convicted was C.R.S. 1963, 40-2-3, which provided that upon conviction the jury might fix the penalty at life imprisonment or death. On October 23, 1978 the death penalty portion of the statute was declared unconstitutional.[2]

In Crim P. 35(b) proceeding, the court acted under section 16-11-306, C.R.S. 1973 (1978 Supp. to 1978 Repl. Vol. 8), which then read:
"(1)   In sentencing a defendant to imprisonment, the sentencing judge shall take into consideration that part of any presentence confinement which the defendant has undergone with respect to the transaction for which he is to be sentenced.

---

[1] In the same trial the defendant was also convicted of aggravated robbery and conspiracy to commit aggravated robbery. Under these convictions he was sentenced to specified terms in years, all sentences to run concurrently.
[2] *People v. District Court,* 196 Colo. 401, 586 P.2d 31.

"(2) The judge shall state in pronouncing sentence, and the judgment shall recite, that such consideration has been given, but no sentence shall be set aside or modified on review because of alleged failure to give such consideration unless the record clearly shows that the judge did not, in fact, consider the presentence confinement when imposing sentence.

"(3) If the ~~maximum~~ sentence imposed is longer than the statutory maximum for the offense less the amount of allowable presentence confinement, it shall be presumed that the judge did not consider the presentence confinement.

"(4) The provisions of this section shall apply to all defendants, whether sentenced before or after April 11, 1974."

The word "maximum" appearing as the third word in paragraph (3) above was stricken by statute effective July 1, 1978. Colo. Sess. Laws 1977, ch. 216, 16-11-306 at 865.

The arguments of the defendant fall under three classifications: (1) the constitutional arguments; (2) statutory right to credit for the presentence incarceration time; and (3) failure of the court to consider the presentence confinement.

## I.

A summary of the defendant's constitutional arguments are in the two following excerpts from his brief:

"The constitutional provisions which prohibit denial of credit for presentence confinement are double jeopardy (multiple sentences for a single crime), the right to equal protection under the laws (invidious wealth discrimination), the sixth amendment right to trial by jury, and the guarantees of due process and fundamental fairness.

. . .

"The Defendant recognizes this Court's previous decisions rejecting the argument [that] there are constitutional rights to credit for presentence confinement. *People v. Jones,* [176 Colo. 61, 489 P.2d 596 (1971)]; *Maciel v. People,* 172 Colo. 8, 469 P.2d 135 (1970); *People v. Nelson,* 182 Colo. 1, 510 P.2d 441 (1973); *People v. Reed,* 190 Colo. 517, 549 P.2d 1086 (1976). Defendant contends, however, this Court should reconsider its prior position in light of the recent strong trend of federal and state courts recognizing the constitutional rights to credit for presentence confinement."

We are asked to reconsider the rule of *People v. Jones, supra,* and the cases decided under it to the effect that failure to credit the presentence confinement caused by indigency does not violate due process or equal protection. We do not reach the question whether we should reconsider, for here we have a question raised about the *courts'* authority to credit presentence confinement on a *life* sentence. This is a matter which does not control the defendant's *entitlement* to credit for presentence confinement when the State Board of Parole considers, at the expiration of a

minimum period of ten years required by section 17-2-207(2), C.R.S. 1973,[3] the date of defendant's eligibility for parole.

The matter of when the defendant here will be entitled to parole may be the entire motivating factor for the defendant, but nevertheless it is not before us. Parole is exclusively a function of the executive department of this state. This case concerns the *sentence*.

## II.

■ While both sides have gone into rather extended avenues of argument, the plain and simple answer to the statutory interpretation question is that, when the penalty provided by statute is a sentence for life imprisonment, there is no *authority* in the sentencing court at the time of sentencing thereafter to make the *sentence* anything but life imprisonment. At the time this sentence was imposed the minimum sentence was life imprisonment and the maximum was death. The sentence of life imprisonment, plus the presentence confinement, did not exceed the statutory maximum. *See People ex rel. Dunbar v. District Court,* 180 Colo. 107, 502 P.2d 420 (1972). Assuming *arguendo* that the only verdict the jury could render was life imprisonment, the sentence of life imprisonment became both the minimum and the maximum, and the above quoted statute is without application.

We simply cannot accept the argument of the defendant that he was sentenced to a term of life imprisonment plus 14 months and two weeks. Neither can we fathom a sentence ending 14 months and two weeks prior to the defendant's death. Even if we could, as already indicated, there is no authority in the court to impose such a sentence.

## III.

■ The defendant argues that in sentencing the judge did not take presentence confinement into consideration. When, as in this case, the statute mandates a life sentence, irrespective of the amount of presentence detention, consideration of such incarceration *in fixing sentence* would be without purpose or result.

The General Assembly now has required sentencing judges to show, for the later benefit of the executive department, the amount of presentence confinement at the time the life sentence is imposed. House Bill 1589, adopted March 29, 1979, reads:

"*Credit for presentence confinement.* A person who is confined prior to the imposition of sentence is entitled to credit against the term of his sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the

---

[3] The minimum time was increased by the General Assembly to 20 years. Colo. Sess. Laws 1977, ch. 223, 17-2-207 at 915.

mittimus. Such period of confinement shall be deducted from the sentence by the department of corrections." Colo. Sess. Laws 1979, ch. 157, 16-11-306 at 665-666.

Although the Act, by its terms, may not require in this case such a notation by the sentencing judge, we think the courts should supply routinely such information to the department of corrections. It may accept this opinion, in lieu of any finding the sentencing judge might have made, as authority for the fact that the defendant was incarcerated 14 months and two weeks between the time of his arrest and prior to his sentence.

The constitutional issues raised by the defendant may be asserted only if the parole board fails to give defendant credit for presentence confinement in its determination of parole date eligibility.

Judgment reversed and cause remanded with directions to deny the relief requested by the defendant.