**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Ronald Steven MONTGOMERY, Defendant-Appellant.**

**No. 80CA0793.**

Colorado Court of Appeals, Div. II.

Dec. 31, 1981.

Rehearing Denied Jan. 28, 1982.

Certiorari Granted May 10, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Ronald Steven Montgomery, appeals the trial court's denial of his Crim.P. 35(a) motion for correction of allegedly illegal sentences. Relying on § 18–1–408(3), C.R.S.1973 (1978 Repl. Vol. 8), defendant contends that his three life sentences should run concurrently because they were based on a series of acts arising from

the same criminal episode. We disagree with his contention, but reach the result he seeks on jurisdictional grounds. *People v. Hinchman*, 196 Colo. 526, 589 P.2d 917 (1978).

In December 1975, defendant drove a pickup truck containing 300 pounds of marijuana from Calhan, Colorado, to Limon, Colorado, to deliver the marijuana to a customer. Upon arriving in Limon, defendant saw two state patrol officers. He then turned back in the direction of Calhan and was stopped by Officer Michael H. James. Defendant shot and killed Officer James during the course of this encounter, and took his gun and car keys. Defendant was arrested the following day, and was later convicted of second degree murder, aggravated robbery, and possession of dangerous drugs with intent to dispense.

At the time defendant came before the court for sentencing, he was already serving a life sentence as an habitual criminal (based on three prior felony convictions in California) for conviction of felony theft committed in November 1975. For each of the three offenses committed in December 1975, the trial court sentenced defendant to a life sentence, mandatory under the habitual criminal sentencing statute, § 16–13–101, C.R.S.1973. The court ordered that the life sentences imposed for second degree murder and aggravated robbery be served concurrently, and that the life sentence for possession of dangerous drugs with intent to dispense be served consecutively to the concurrent life sentences for second degree murder and aggravated robbery. All of these newly imposed life sentences were to be served consecutively with the life sentence then being served.

■ These consecutive life sentences cannot stand. Even if one assumes *arguendo* that it is possible to achieve the status of habitual criminal more than once, *see People v. Anderson*, 43 Colo.App. 178, 605 P.2d 60 (1979), it is not possible to serve more than one lifetime in the penitentiary. *Wooden v. Goheen*, 255 S.W.2d 1000 (Ky. App.1953); *see People v. Jones*, 198 Colo. 578, 604 P.2d 679 (1979). What *can* be served more than once is the twenty years required before a prisoner is eligible for parole from a life sentence. *See* § 17–2–207(2), C.R.S.1973 (1980 Cum.Supp.).

■ Because of the consecutive sentences here imposed, the defendant will not be eligible for parole for sixty years. It is not the proper function of a court to delay the time when a felon may be considered for parole after having served the twenty-year minimum. *See People v. Pacheco*, 41 Colo. App. 188, 581 P.2d 741 (1978). Yet, the only possible purpose for imposing consecutive life sentences is to delay consideration by the parole board for additional terms of twenty years for each consecutive life sentence.

Since the decision of the parole board to grant or deny parole is not subject to judicial review, *In re Question Concerning State Judicial Review of Parole Denial*, 199 Colo. 463, 610 P.2d 1340 (1980), and the judiciary may not interfere with the parole board's initiation of parole proceedings, *see State Personnel Board v. District Court*, Colo., 637 P.2d 333 (81SA207, November 9, 1981), we hold that consecutive life sentences create an unconstitutional interference by the judiciary with the functions of the parole board. "Our tripartite system of government is premised on an independent and separate legislative, executive, and judicial division of government. When power is placed in one department, it cannot be exercised by another. *Colo.Const.* Art. III." *People v. Davis*, 186 Colo. 186, 526 P.2d 312 (1974). *See People v. Hinchman*, 40 Colo. App. 9, 574 P.2d 866 (1977) (Kelly, J., dissenting), *rev'd*, 196 Colo. 526, 589 P.2d 917 (1978).

We recognize that courts in other jurisdictions have approved the imposition of consecutive life sentences. However, none of these courts have considered the application of the doctrine of separation of powers, which we find dispositive.

The order denying defendant's motion is reversed and the cause is remanded with directions to make each life sentence run concurrently with the one already being served.

TURSI, J., concurs.

VAN CISE, J., dissents.

Judge VAN CISE, dissenting:

The majority disagrees with defendant's contention that his three life sentences should run concurrently because they were based on a series of acts arising from the same criminal episode. I concur with the majority on this issue—and that was the only issue raised by defendant on this appeal.

Section 18–1–408(3), C.R.S.1973 (1978 Repl. Vol. 8) requires the imposition of concurrent sentences only when the counts for which defendant was convicted were supported by identical evidence. *People v. Anderson*, 187 Colo. 171, 529 P.2d 310 (1974); *People v. Knaub*, Colo.App., 624 P.2d 922 (1980). Here, three separate criminal acts were committed, and the evidence supporting each of the resulting counts cannot be characterized as identical. *See People v. Anderson, supra; Cf. People v. O'Donnell*, 184 Colo. 104, 518 P.2d 945 (1974). Hence, the trial court was not required to impose concurrent sentences. *See* § 18–1–408(3), C.R.S.1973 (1978 Repl. Vol. 8).

Although this issue was not raised by the parties, the majority holds that the consecutive life sentences were illegal as an unconstitutional violation of the doctrine of separation of powers. I do not question that an illegal sentence may be reviewed and corrected at any time, *People v. Favors*, 42 Colo.App. 263, 600 P.2d 78 (1979), but I do not agree that these sentences are illegal.

There is nothing in the record to indicate that the consecutive life sentences were imposed for the purpose of prohibiting action by the parole board. And, it is an open question in this state how § 17–2–207(2), C.R.S.1973 (1978 Repl.Vol. 8), which specifies that "[n]o prisoner imprisoned under a life sentence shall be paroled until he has served at least twenty calendar years," would be interpreted after this defendant has served the first twenty years. Nor is the date a defendant may be eligible for parole relevant to a determination of the severity of a sentence. *People v. Pacheco*, 41 Colo.App. 188, 581 P.2d 741 (1978).

Consecutive life sentences have been upheld on appeal in *State v. McNally*, 152 Conn. 598, 211 A.2d 162 (1965), *cert. denied*, 382 U.S. 948, 86 S.Ct. 410, 15 L.Ed.2d 356 (determination as to concurrent or consecutive incident to the judicial function of imposing sentences); *Chavigny v. State*, 112 So.2d 910 (Fla.App.1959), *cert. denied*, 114 So.2d 6 (Fla.), *cert. denied*, 362 U.S. 922, 80 S.Ct. 676, 4 L.Ed.2d 742 (penalties permitted by statute; relief by way of reducing the term a matter for parole authorities); *Morris v. Commonwealth*, 268 S.W.2d 427 (Ky.App.1954) (sentencing and parole are separate and distinct functions of government—first a judicial function, later a prerogative of the executive department); *State v. Maxey*, 42 N.J. 62, 198 A.2d 768 (1964) (power to impose consecutive life sentences resides in the trial judge; such sentences not repugnant to purposes of parole act); *State v. Bruce*, 268 N.C. 174, 150 S.E.2d 216 (1966) (sentences did not exceed limits fixed by the applicable statutes); *State v. Brudos*, 3 Or.App. 239, 471 P.2d 861 (1970) (rejecting argument all life sentences must be concurrent); *State v. Ogden*, 21 Wash.App. 44, 584 P.2d 957 (1978) (no error in imposition of two consecutive life sentences under habitual criminal act).

The majority has cited no decisions by any appellate courts which have set aside or even disapproved of consecutive life sentences, and I have found none. I would uphold the sentences, and would affirm the trial court's denial of defendant's Crim.P. 35(a) motion.