The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Anthony P. GARCIA, Jr.,
Defendant-Appellant.

No. 81CA1053.

Colorado Court of Appeals,
Div. II.

Jan. 6, 1983.

J.D. MacFarlane, Atty. Gen., Joel W. Cantrick, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., John Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Martin J. Gerra, III, Deputy State Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

This is an appeal from a sentence of six years imposed on defendant following his plea of guilty to second degree burglary. We affirm.

In a plea bargain, defendant pled guilty to second degree burglary, a class 3 felony, and had several cases dismissed as a result of that plea bargain. Although defendant was 24 years old at the time of the guilty plea here, he had been in trouble with the law since he was 18 years of age, and the present case was his fourth felony conviction. The presentence report also stated that the present offense had been committed while he was on probation from a previous felony conviction and that a previous

offense had been committed while he was on probation from yet another conviction. The trial court made mention of the fact that in 1978 defendant was charged with seven counts of aggravated robbery and at that time the defendant received probation on a plea of guilty to two counts of simple robbery. The judge further stated that had defendant appeared before him on those charges, he would have sentenced defendant to the penitentiary, and the judge noted that, even after that leniency, defendant was later convicted of second degree burglary. The court stated that it considered defendant a menace to society because of the number of burglaries in which he had participated.

Defendant contends that the sentence imposed was outside the presumptive range. He argues that the trial court's order requiring defendant to serve a six-year sentence consecutively to a sentence already imposed in another county brought the six-year sentence outside the presumptive maximum of eight years, but he cites no authority for this contention. We hold that a sentence properly imposed within the presumptive range, as was the case here, cannot be bootstrapped outside that range by arguing that it was to be served consecutively to a sentence imposed for a separate offense.

A sentencing court has discretion to impose a sentence to be served concurrently with or consecutively to a sentence already imposed upon a defendant. *See People v. Edwards*, 198 Colo. 52, 598 P.2d 126 (1979). Under the circumstances here, the trial court did not abuse its discretion.

Sentence affirmed.

SMITH and STERNBERG, JJ., concur.