**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Ronald Steven MONTGOMERY, Respondent.**

**No. 82SC128.**

Supreme Court of Colorado, En Banc.

Sept. 26, 1983.

Rehearing Denied Oct. 17, 1983.

murder, aggravated robbery, and possession of dangerous drugs with the intent to dispense. He was also found to be an habitual criminal, and life sentences were imposed for each count.[1] The life sentence imposed for the possession conviction was ordered to run consecutively to the two concurrent sentences imposed for the murder and aggravated robbery convictions.

At the time respondent was sentenced, he was serving yet another life sentence, a result of being adjudicated an habitual criminal in 1975. The life sentences imposed in 1976 were ordered to be served consecutively to that received in 1975.

Following his 1976 conviction and sentencing, the respondent unsuccessfully challenged on direct appeal his adjudication and sentence as an habitual criminal. *People v. Montgomery,* No. 76–885 (Colo.App. June 21, 1979) (not selected for publication).

In 1980, respondent filed a Crim.P. 35(a) motion asserting that his 1976 sentences were illegal. The basis of his claim was that the life sentence imposed for the possession conviction should have been ordered to run concurrently with, and not consecutive to, the life sentences for murder and aggravated robbery because all three were based on a series of acts arising from the same criminal episode. The trial court denied the motion.

The court of appeals agreed with the trial court that the sentences were not illegal for the reason stated by respondent. However, it determined, *sua sponte,* that because consecutive sentences delayed the time the defendant would be eligible for parole, and it was not the proper function of a court to delay the time of parole eligibility, such sentences "create an unconstitutional interference by the judiciary with the functions of the parole board." *People v. Montgomery,* 645 P.2d at 284.[2]

L. Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard Forman, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for petitioner.

David F. Vela, State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for respondent.

Norman S. Early, Jr., Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for amicus curiae, Colo. Dist. Atty's. Council.

ROVIRA, Justice.

We granted certiorari to determine whether the imposition of consecutive life sentences creates an unconstitutional interference by the judiciary with the functions of the parole board. We hold that such sentences are not unconstitutional and reverse the decision of the court of appeals in *People v. Montgomery,* 645 P.2d 283 (Colo. App.1981).

## I.

In September 1976, Ronald Montgomery, respondent, was convicted of second-degree

## II.

At the outset, we note our agreement with the court of appeals that the respon-

---

1. Section 16–13–101, C.R.S.1973 (1978 Repl. Vol. 8 and 1982 Supp.).

2. The court of appeals stated that the respondent would not be eligible for parole for sixty years and "[w]hat *can* be served more than once is the twenty years required before a

dent's claim that the 1976 life sentences should run concurrently because they were based on a series of acts arising from the same episode is without merit.

■ The imposition of concurrent sentences is required only where the counts for which a defendant is convicted are supported by identical evidence. *People v. Taylor,* 197 Colo. 161, 591 P.2d 1017 (1979); *People v. Anderson,* 187 Colo. 171, 529 P.2d 310 (1974); section 18–1–408(3), C.R.S.1973 (1978 Repl.Vol. 8).

The record in this case reflects that the evidence supporting the charge of possession of dangerous drugs with the intent to dispense was not identical to that supporting the charges of second-degree murder and aggravated robbery. The defendant was a participant in an attempted drug sale in December 1975. His role was to drive a truck containing 300 pounds of marijuana to a predetermined truck stop, at which time a police informant, posing as a buyer, would take possession of the drugs. While en route to the truck stop, however, the seller (in another vehicle) became concerned about police activity in the area, and both he and the defendant turned back. At this point a police officer stopped the truck that the defendant was driving. After answering a few questions, the defendant shot and killed the officer and stole his car keys and gun.

While the three offenses for which the defendant was convicted were, in a broad sense, part of the same criminal episode, the evidence of possession with intent to dispense consisted of driving the truck containing drugs as part of the proposed drug sale. This evidence was separate and dis-

tinct from that surrounding the second-degree murder and aggravated robbery. Since the charges were not supported by "identical" evidence, we choose not to override "the traditional discretion lodged in the sentencing court to impose either consecutive or concurrent sentences where the accused [is] convicted of *separate* offenses occurring during the same criminal episode." *People v. Anderson,* 187 Colo. at 175, 529 P.2d at 312 (emphasis added).

### III.

■ The separation of powers issue is manifestly more complicated. We recognize initially that *Colo. Const.* art. III provides for the orderly distribution of power among the three branches of state government. It states:

"The powers of the government of this state are divided into three distinct departments,—the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any power properly belonging to either of the others, except as in this constitution expressly directed or permitted."

The principle expressed in article III applies with equal force to all three branches, including the judiciary. *People v. Herrera,* 183 Colo. 155, 516 P.2d 626 (1973). We have stated in the past that courts cannot, under the pretense of deciding a case, assume or usurp power vested in either the legislative or executive branch of government. *Conrad v. City and County of Denver,* 656 P.2d 662 (Colo.1982); *McCroskey v. Gustafson,* 638 P.2d 51 (Colo.1981).[3]

In deciding that the imposition of consecutive life sentences interferes with the

prisoner is eligible for parole from a life sentence. *See* section 17–2–207(2), C.R.S.1973 (1980 Cum.Supp.)." The twenty-year provision did not become effective until July 1, 1977. Section 17–2–207(2)(b), C.R.S.1973 (1982 Supp.). Since the convictions were for offenses committed prior to that date, parole eligibility on each life sentence was ten years. Section 17–1–207(3), C.R.S.1973.

3. An example of improper usurpation occurred in the early 1970's, when the legislature delegated to the courts the power to review sentences after conviction and appeal. *See* section 40–1–510(1)(f), C.R.S.1963 (1971 Supp.). We held that the implied power to reduce sentences unconstitutionally interfered with the power of commutation vested in the executive branch by article IV, section 7, of the state

functions of the parole board, the court of appeals noted that consecutive sentences have the effect of delaying the point in time when a prisoner becomes eligible for parole. Since the parole board is an arm of the executive branch of government, *see In re Question Concerning State Judicial Review,* 199 Colo. 463, 610 P.2d 1340 (1980), the court concluded that such interference constitutes a violation of the doctrine of separation of powers.

We disagree with this conclusion for several reasons. First, the court of appeals cites no authority for the specific ruling that consecutive life sentences are impermissible. Second, it acknowledges, and then ignores, the myriad of cases in this jurisdiction and elsewhere that recognize the legitimacy of consecutive sentences and of consecutive life sentences. Third, it assumes that the twenty-year minimum sentence in section 17–2–207(2) (actually the court should have cited the ten-year minimum sentence in section 17–1–207(3), C.R.S. 1973, *see* footnote 2, *supra* ) applies regardless of the number of life sentences imposed by the court. We reject this approach and look instead to the analysis offered by Judge Van Cise in his dissent. *People v. Montgomery,* 645 P.2d at 285.

■ The power to define crimes and prescribe punishments is vested exclusively in the legislature, and its exercise will be upheld unless it is clear beyond a reasonable doubt that the legislative act violates constitutional standards. *People v. Trujillo,* 631 P.2d 146 (Colo.1981); *People v. Lepik,* 629 P.2d 1080 (Colo.1981). *See also United States v. Wiltberger,* 18 U.S. (5 Wheat.) 76, 5 L.Ed. 37 (the power to define crimes and ordain punishment is legislative, not judicial). While the legislature is responsible for determining periods of confinement for criminal offenses, it is the duty of the judi-

ciary to impose sentences within the legislatively mandated limits. *People v. Jones,* 176 Colo. 61, 489 P.2d 596 (1971); *Harris v. People,* 174 Colo. 483, 484 P.2d 1223 (1971). These limits cannot be disregarded by the courts. *People ex rel. Gallagher v. District Court,* 632 P.2d 1009 (Colo.1981).

■ Special considerations exist, however, when the defendant is convicted of multiple offenses. The sentencing court has discretion to impose sentences to be served concurrently with or consecutively to each other. *People v. Edwards,* 198 Colo. 52, 598 P.2d 126 (1979); *People v. Garcia,* 658 P.2d 1383 (Colo.App.1983). This discretionary power is derived from the common law. *State v. Maxey,* 42 N.J. 62, 198 A.2d 768 (1964). As long as each sentence falls within the range established by the legislature, we have consistently upheld consecutive sentences against charges that the sentencing court abused its discretion. *People v. Soper,* 628 P.2d 604 (Colo.1981). At the same time, we have recognized that consecutive sentences resulting in an "extraordinarily long prison term must be supported by evidence in the record justifying the trial judge's action." *People v. Edwards,* 198 Colo. at 56, 598 P.2d at 129. *See also* section 18–1–409, C.R.S.1973 (1978 Repl.Vol. 8 and 1982 Supp.) (availability of appellate review of sentences).

■ The only express restrictions placed on this discretionary sentencing power appear in sections 18–1–408(3) and 18–8–209, C.R.S.1973 (1978 Repl.Vol. 8). The former requires sentences to run concurrently if multiple offenses are supported by identical evidence. *People v. Taylor, supra; People v. Anderson, supra.* The latter requires sentences to run consecutively if a person in confinement is convicted of certain crimes while he is serving a sentence.[4] Other than these two provisions, courts are free to im-

---

constitution. *People v. Simms,* 186 Colo. 447, 528 P.2d 228 (1974); *People v. Herrera, supra.*

4. The People point out that section 18–8–209 requires consecutive life sentences if, while

serving a life sentence, a person who escapes or attempts to escape commits an assault with intent to commit bodily injury with a deadly weapon, or by any means of force likely to produce serious bodily injury. *See* section 18–

pose concurrent or consecutive sentences as the situation warrants. *See People v. Morgan,* 189 Colo. 256, 539 P.2d 130 (1975); *People v. Anderson, supra; People v. Sharpe,* 183 Colo. 64, 514 P.2d 1138 (1973); *De Bose v. People,* 175 Colo. 356, 488 P.2d 69 (1971).

We see no reason why this discretionary sentencing power should not also encompass the power to impose consecutive life sentences. Other jurisdictions have confronted this issue directly, and we prefer the reasoning employed in those cases to the separation-of-powers analysis offered by the court of appeals. In *State v. Maxey, supra,* for example, the New Jersey Supreme Court upheld the imposition of consecutive life sentences for two murders committed by the defendant. It concluded that the sentences were proper even though the defendant's parole eligibility date would be delayed:

"By gearing a prisoner's eligibility for parole to the length and number of consecutive sentences imposed by the trial judge, the Legislature has recognized the roll [sic] played by the trial judge in administering the penal laws of this State. The Legislature has thus left remaining in the judiciary the power and duty of establishing the minimum time that a defendant must spend in prison before the Parole Board can consider him eligible for release on parole. . . .

"In the case at bar the trial judge registered natural abhorrence at the heinousness of the murders committed by defendant. His purpose, and the effect of his sentence, was to say that for the purpose of punishing defendant and deterring others defendant should for each murder remain in prison for the minimum statutory time allowed for each sentence. We conceive of no reason why a man who has been found guilty of two murders should necessarily receive the benefit of the same parole eligibility as a man who

has committed only one murder, when a man who had committed two lesser crimes would not necessarily receive the same parole eligibility as if he had committed only one.

"In the absence of a statute expressly prohibiting the sentencing judge from exercising such discretion, we find that the power to impose consecutive life sentences resides in the trial judge."

*Id.* 42 N.J. at 69, 198 A.2d at 772–73. *See also Bryant v. Civiletti,* 663 F.2d 286 (D.C. Cir.1981) (two life sentences to run consecutively, defendant must serve minimum sentence for each before eligible for parole); *Fierro v. MacDougall,* 648 F.2d 1259 (9th Cir.1981), *cert. denied,* 454 U.S. 933, 102 S.Ct. 432, 70 L.Ed.2d 240 (1981) (consecutive sentences totalling 184 years do not violate separation of powers); *Government of Virgin Islands v. Gereau,* 592 F.2d 192 (3d Cir.1979) (eight consecutive life sentences within discretion of sentencing court, parole eligibility not a consideration); *Clements v. State,* 390 So.2d 1131 (Ala.Cr.App.1980) (two consecutive life sentences upheld); *People v. Schlemm,* 82 Ill.App.3d 639, 37 Ill.Dec. 808, 402 N.E.2d 810 (1980), *cert. denied,* 449 U.S. 1127, 101 S.Ct. 948, 67 L.Ed.2d 115 (1981) (two consecutive life sentences upheld); *Morris v. Commonwealth,* 268 S.W.2d 427 (Ky.App.1954) (two consecutive life sentences upheld, sentencing should be "without regard to the possibility of parole"); *State v. Olson,* 291 N.W.2d 203 (Minn.1980) (three consecutive life sentences upheld); *State v. Brudos,* 3 Or.App. 239, 471 P.2d 861 (1970) (three consecutive life sentences upheld); *State v. Ogden,* 21 Wash.App. 44, 584 P.2d 957 (1978) (two consecutive life sentences under habitual criminal statute upheld); *Hughes v. State,* 68 Wis.2d 159, 227 N.W.2d 911 (1975) (two consecutive life sentences not an abuse of discretion, despite effect on parole eligibility date); *Kennedy v. State,* 595 P.2d 577 (Wyo.1979) (consecutive life sentence within discretion of sentencing court).

8–206(1)(a), C.R.S.1973 (1978 Repl.Vol. 8). We agree that these provisions represent an ac-

knowledgement by the legislature that consecutive life sentences are permitted.

In our opinion, the sentence imposed by the trial court in this case did not interfere with the functions of the parole board. The trial court decided that the defendant, already a four-time felon, should serve two of the life sentences imposed in 1976 consecutively to the life sentence he was already serving. Further, it decided that the third life sentence imposed in 1976 should run consecutively to the original life sentence and to the two additional life sentences. The effect of this combined sentence is to delay the defendant's eligibility for parole. However, parole is a matter of grace and the granting or denial of parole is an executive, not a judicial, function. *In re Question Concerning State Judicial Review, supra; People v. Pacheco,* 41 Colo.App. 188, 581 P.2d 741 (1978).

In its discretion, therefore, the trial court determined that the defendant, now a seven-time felon, should serve several of his life sentences consecutively. *See People v. Edwards, supra; People v. Garcia, supra.* We do not see how this exercise of discretion interfered with the duties of the parole board.

The decision of the court of appeals is reversed.