The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Michael CORBETT, n/k/a Hasani F. Chinangwa, Defendant-Appellant.

No. 84CA0548.

Colorado Court of Appeals, Div. I.

Sept. 19, 1985.

Rehearing Denied Oct. 17, 1985.

Certiorari Denied March 3, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Seth J. Benezra, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Michael Corbett, n/k/a Hasani Chinangwa, appeals the trial court's denial of his motion for credit for presentence confinement pursuant to Crim.P. 35(c). We affirm.

In 1975, defendant was indicted on three counts of first degree murder which were severed for trial. On March 12, 1976, defendant was convicted on Count 1 and was sentenced to life imprisonment. On April 26, 1976, defendant was convicted on Count 2 and was sentenced to death. In January of 1977, defendant entered a plea of guilty to Count 3 and was sentenced to a life term concurrent to that imposed on Count 1. In 1978, after the Colorado Supreme Court ruled the death penalty statute unconstitutional, defendant filed a motion to resentence on Count 2 and was sentenced to a life term to be served consecutively to the two existing concurrent life terms.

On February 15, 1984, defendant filed a motion pursuant to Crim.P. 35(c) for credit for presentence confinement on his consecutive life sentence. At a hearing on this motion, the trial court found that defendant had spent 170 days in El Paso County jail prior to being transferred to the Department of Corrections. The court also found that defendant had spent 923 days on death row awaiting execution of the death sentence prior to the vacation of that sentence and imposition of the consecutive life sentence on Count 2. The trial court then granted defendant credit for 1,093 days of presentence confinement. Subsequently, the People filed a motion for reconsideration of the trial court's order granting defendant credit for presentence confinement. After a hearing on the motion, the trial court entered an order denying defendant credit for presentence confinement.

■ Defendant first argues that the trial court erred on equal protection grounds in denying presentence confinement credit for time spent in El Paso County jail. We disagree. There is no constitutional right to presentence confinement credit. *Godbold v. District Court*, 623 P.2d 862 (Colo. 1981).

■ Defendant next argues that, under § 16–11–306, C.R.S. (1978 Repl.Vol. 8), he is statutorily entitled to credit for time served in the El Paso County jail and for time served on death row while he was awaiting execution of the death sentence. We disagree.

Section 16–11–306, C.R.S. (1978 Repl.Vol. 8), in effect at the time of defendant's sentencing, provided that in "sentencing a defendant to imprisonment, the sentencing judge shall take into consideration any part of any presentence confinement which the defendant has undergone with respect to

the transaction for which he is to be sentenced." However, the Colorado Supreme Court, in *People v. Jones*, 198 Colo. 578, 604 P.2d 679 (1979), held that when the penalty provided by statute for a crime is a sentence for life imprisonment, the sentencing court does not have authority to make the sentence anything but life imprisonment.

In *Jones*, the court determined that the trial court had no authority to grant presentence confinement credit on a life sentence. Thus, *Jones* mandates that defendant cannot receive presentence confinement credit for the time spent in El Paso County jail prior to sentencing.

■ *Jones*, however, does not address the question whether a defendant may receive presentence confinement credit for time spent on death row awaiting execution of the death sentence prior to a resentencing. We hold that the rationale of *Jones* applies equally to confinement credit for time spent on death row while awaiting execution of the death sentence.

In *Jones*, the court held that the sentencing court has no authority to consider pretrial detention in fixing the sentence. The court reasoned that the sentencing court cannot sentence a defendant to life minus the number of days spent in pretrial confinement as this would violate the statutory mandate of a life sentence. It further determined that the constitutional issues raised by defendant could only be asserted if and when the parole board refused to consider defendant's credit for presentence confinement in its determination of parole date eligibility.

■ Here, when the trial court resentenced defendant after the death penalty was declared unconstitutional, it was required to sentence defendant to life. Thus, as in *Jones*, it did not have authority to sentence defendant to anything but a life sentence. Therefore, it could not give defendant credit for the time spent on death row awaiting execution of the death sentence. Also, as in *Jones*, the constitutional issues raised by defendant may be asserted

only if the parole board fails to give defendant credit for presentence confinement in its determination of parole date eligibility.

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.