**Ralph T. DERRICK, individually and on behalf of all others similarly situated, Plaintiff–Appellant,**

v.

**COLORADO BOARD OF PAROLE, Defendant–Appellee.**

No. 86CA0834.

Colorado Court of Appeals, Div. II.

Oct. 15, 1987.

Certiorari Dismissed Dec. 8, 1987.

David Hunter Miller, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Angela M. Lujan, Asst. Atty. Gen., Denver, for defendant-appellee.

VAN CISE, Judge.

This is a class action brought by plaintiff, Ralph T. Derrick, individually and on behalf of all other similarly situated inmates now committed to the Department of Corrections, seeking a judgment declaring that inmates serving life sentences are entitled to credit for presentence confinement to be applied against the minimum time the inmates must serve to be eligible for parole consideration. On cross-motions for summary judgment on stipulated facts, the trial court denied plaintiff's motion and entered judgment in favor of defendant, Colorado Board of Parole (Board). Plaintiff appeals. We affirm.

On March 21, 1975, the trial court sentenced plaintiff to life imprisonment "on

which [Derrick] be given credit for 17 months and 21 days." The statute then applicable to consideration of presentence confinement, Colo.Sess.Laws 1972, ch. 44, § 39–11–306(1) at 249, provided:

"In sentencing a defendant to imprisonment, the sentencing judge shall take into consideration that part of any presentence confinement which the defendant has undergone with respect to the transaction for which he is to be sentenced."

The applicability of this statute where a defendant is faced with a life sentence was considered in *People v. Jones,* 198 Colo. 578, 604 P.2d 679 (1979). There, our supreme court held:

"[W]hen the penalty provided by statute is a sentence for life imprisonment, there is no authority in the sentencing court at the time of sentencing thereafter to make the sentence anything but life imprisonment.... [T]he sentence of life imprisonment became both the minimum and the maximum, and the above quoted statute is without application."

The *Jones* court left open the question whether the Board had to give the defendant credit for presentence confinement in its determination of parole date eligibility.

The statute applicable to eligibility for parole, now contained in § 17–22.5–104(2)(a), C.R.S. (1986 Repl.Vol. 8A), provides that:

"No inmate imprisoned under a life sentence for a crime committed before July 1, 1977, shall be paroled until he has served at least ten calendar years, and no application for parole shall be made or considered during such period of ten years."

In 1983, after serving ten years including the presentence confinement time, plaintiff applied for parole. The Board refused to consider his application at that time, based on its interpretation of the parole eligibility statute to mean that the ten-year period starts on the day sentence is imposed, without any credit for presentence confinement even if, as here, it was noted on the mittimus. Contending that the statute means that the ten-year period should include pre-

sentence confinement time if credited on the prisoner's mittimus, plaintiff brought this action.

The trial court held, and we agree, that the language of § 17–22.5–104(2)(a):

"[M]andates that inmates sentenced to life imprisonment for offenses committed prior to July 1, 1977, must serve 10 calendar years 'imprisoned under a life sentence' prior to parole consideration. This provision clearly contemplates that the 10 year period is to commence on the date of sentencing and is not to be reduced by time credits of any kind."

Furthermore, by designating the time to be served in terms of "calendar" (365 day) years, the general assembly indicated its intent that the ten-year period not be reduced by any type of time credits.

The class consists of inmates who received life sentences for crimes committed before July 1, 1977, and who were granted presentence confinement credits by the sentencing judge. The parties stipulated to class action certification and an order was entered to that effect. They also stipulated that "the fact that the named plaintiff may have met with the Board prior to a final decision in this case does not moot the issues presented by this action since the case is capable of repetition yet potentially evasive of review for all class members." Although a stipulation on this question of law is not binding on us, we agree that, under the circumstances here, it is not moot. *See Page v. Blunt,* 126 Colo. 324, 248 P.2d 1074 (1952).

We conclude that members of the plaintiff class are not entitled to parole consideration until ten calendar years have passed from the date their sentences were imposed.

Judgment affirmed.

SMITH and KELLY, JJ., concur.