The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Richard F. GOODWIN, Defendant–Appellant.

No. 86CA1561.

Colorado Court of Appeals, Div. IV.

April 28, 1988.

Rehearing Denied May 19, 1988.

Certiorari Denied Aug. 29, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Terrence A. Gillespie, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Jaydee K. Bachman, Deputy State Public Defender, Denver, for defendant-appellant.

CRISWELL, Judge.

Defendant, Richard F. Goodwin, appeals the denial of his Crim.P. 35(c) motion in which he asserted that he was eligible for parole by virtue of trusty and meritorious good time credits allowable under § 17–22.5–201, C.R.S. (1986 Repl. Vol. 8A). We agree with the trial court that this statute is inapplicable to defendant.

Goodwin was sentenced to life imprisonment on October 11, 1979, for first degree murder, a class 1 felony committed on May 28, 1977. The evidence received at the hearing before the trial court indicates that, while trusty time and meritorious time appeared on Goodwin's time computation report, such credits were never actually applied to his sentence. This, Goodwin argues, violates § 17–22.5–201(2) and (3), which provide in pertinent part that:

"(2) To those inmates whom the executive director ... may designate as trusties ... additional good time ... shall be credited upon the time remaining to be served....

(3) The executive director ... may grant to any inmate additional good time credit ... for the following reasons:

(a) Meritorious service by an inmate; or

(b) Outstanding performance...."

The trial court held that § 17–22.5–201 is limited by § 17–22.5–104(2)(a), C.R.S. (1986 Repl. Vol. 8A), which says:

"No inmate imprisoned under a life sentence for a crime committed before July 1, 1977, shall be paroled until he has served at least ten calendar years, and no application for parole shall be made or considered during such period of ten years."

Relying upon § 2–4–205, C.R.S., and *Southwest Catholic Credit Union v. Charnes*, 665 P.2d 626 (Colo.App.1982), the trial court concluded that this section, as a specific statute dealing with particular sentences, prevails over the general provisions of § 17–22.5–201.

We have previously construed § 17–22.5–104(2)(a), C.R.S. (1986 Repl. Vol. 8A) as requiring the ten-year period to commence on the date of sentencing; it is not to be reduced by presentence confinement credit for purposes of determination of parole eligibility. *Derrick v. Colorado Board of Parole*, 747 P.2d 696 (Colo.App. 1987). As noted in *Derrick*, the general assembly, by designating the time to be served in terms of calendar (365 day) years, indicated its intent that the ten-year period not be reduced by any type of credit. That same principle is equally applicable here.

We therefore conclude that the trial court correctly interpreted the statutory parole eligibility scheme.

Order affirmed.

BABCOCK and JONES, JJ., concur.