## No. 26146

### The People of the State of Colorado v. James Nathaniel Anderson
(529 P.2d 310)

Decided December 16, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Gregory L. Williams, Assistant, Thomas J. Tomazin, Assistant, for plaintiff-appellant.

Natalie S. Ellwood, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant was convicted on November 14, 1971, of two counts of assault with intent to murder (C.R.S. 1963, 40-2-34) and conspiracy to sell narcotic drugs (C.R.S. 1963, 48-5-20). He was sentenced to the state penitentiary on January 13, 1972, to two consecutive terms of twelve to thirteen years on the assault counts, and to a concurrent term of twelve to thirteen years on the conspiracy count.

Appellant's conviction was affirmed on appeal by this Court on January 21, 1974, in *People v. Anderson,* 184 Colo. 32, 518 P.2d 828.

During the pendency of the appeal, appellant, on June 19, 1973, filed his motion for reconsideration of the sentences, pursuant to the Colorado Criminal Code, 1971 Perm. Supp., C.R.S. 1963, 40-1-509 and 40-1-510. This motion was denied and it is from this ruling that appellant prosecutes the present appeal. We affirm the ruling.

The basis of appellant's motion for relief from his sentences is found in section 40-1-508 of the Code, which deals with the prosecution of multiple counts for the same act, and which became effective after appellant's conviction but before affirmance

of that conviction on appeal. He contends that this section requires the court to impose concurrent sentences rather than consecutive sentences, as was done in his case.

Our decision in *People v. Thomas,* 185 Colo. 395, 525 P.2d 1136, had not been announced at the time of the trial court's consideration of appellant's motion for relief. In *People v. Thomas,* this Court held that section 40-1-510(1)(f) provides for the application of changed legal standards where there is a change in law mitigating penalties for crimes, and that the application of the changed legal standards is mandatory.

The changed legal standard relied on by appellant in this case is not a change in the law, reducing punishment for the crime of which he was convicted, but rather the mandatory provision in sections 40-1-508(2) and 40-1-508(3), requiring the imposition of concurrent sentences.[1] These sections provide:

''(2) If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any such offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution.

''(3) When two or more offenses are charged as required by subsection (2) of this section and they are supported by identical evidence, the court upon application of the defendant may require the state, at the conclusion of all the evidence, to elect the count upon which the issues shall be tried. If more than one guilty verdict is returned as to any defendant in a prosecution where multiple counts are tried as required by subsection (2) of this section, the sentences imposed must run concurrently.''

The People's evidence as developed at trial, a summary of which is recited in *People v. Anderson, supra,* showed that two shootings occurred during the illicit drug transaction, in which

---

[1]We note that the authorized sentence for assault with intent to commit murder in C.R.S. 1963, 40-2-34, is a term of not less than one nor more than fourteen years. Under the new Colorado Criminal Code, assault with intent to murder is made a crime of first-degree assault and is punishable by a term of five to forty years.

two victims were injured. Appellant, upon discovering that the potential buyers with whom he was negotiating were federal agents, shot Agent Lochridge first and then turned and shot Agent Wilson. It is clear that the two shootings occurred during the same criminal episode as part of a continuous course of conduct closely related in time and circumstance. Two separate criminal acts were committed against two different persons, thus supporting the conviction of appellant on two separate counts of assault to murder. The evidence supporting the separate assaults cannot, however, be characterized as *identical evidence,* even though there were some common elements of proof. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; *De-Bose v. People,* 175 Colo. 356, 488 P.2d 69.

In denying appellant's motion for relief, the court construed subsection (3) of section 508 as requiring concurrent sentences only where the counts of which the accused was convicted were supported by *identical evidence.* We agree with this interpretation.

In our view, subsection (3) relates to the discretionary power of the trial court, upon motion of the defendant at the conclusion of all of the evidence, to require the prosecution to elect between multiple counts when they are supported by *identical evidence.* If, under this discretionary authority, the trial court chooses not to require the prosecution to so elect, and the defendant is convicted on multiple counts based on identical evidence, then "* * * the sentences imposed must run concurrently."

It is apparent to us that if the legislature had intended that punishment for "multiple offenses based on the same act or series of acts arising from the same criminal episode" be by concurrent sentences only, the mandate therefor would have been made a part of subsection (2) rather than subsection (3) of 40-1-508.

Our conclusion in this regard is reinforced by the absence of any legislative history indicating an intent on the part of the general assembly to limit the trial judge's traditional discretion to impose either consecutive or concurrent sentences, depending upon the gravity of the accused's criminal conduct. The legislative comment accompanying section 40-1-508 cites reference sources considered in the drafting of the statute. We have not

discovered in these sources the mandatory elimination of the traditional discretion lodged in the sentencing court to impose either consecutive or concurrent sentences where the accused was convicted of separate offenses occurring during the same criminal episode. We decline to so construe the statute, as appellant would have us do, in the absence of clear legislative direction.

The ruling is affirmed.