**Tasneem QURESHI, Petitioner,**

v.

**The DISTRICT COURT In and For the SECOND JUDICIAL DISTRICT and State of Colorado, and Alvin D. Lichtenstein, one of the Judges thereof, Respondents.**

**No. 86SA237.**

Supreme Court of Colorado,
En Banc.

Oct. 14, 1986.

Rehearing Denied Nov. 17, 1986.

---

**3.** Such precautions may include limited admissibility of Mrs. Stewart's testimony, or a bifurca-

tion of the trial below.

Haddon, Morgan & Foreman, P.C., Norman R. Mueller, Denver, for petitioner.

Norman S. Early, Jr., Dist. Atty., David J. Dansky, Deputy Dist. Atty., Denver, for respondents.

VOLLACK, Justice.

Pursuant to C.A.R. 21, petitioner seeks relief in the nature of mandamus, challenging the legality of the consecutive sentences imposed by the trial court, as well as the imposition of a period of parole as a part of that sentence. We issued a rule to show cause. We now discharge that rule as to the imposition of the consecutive sentencing and make the rule absolute as to the imposition of a period of parole as a part of that sentence.

### I.

It is undisputed that petitioner, Tasneem Qureshi, attacked his wife and that she suffered serious injury. The victim suffered three major stab wounds on May 25, 1985. Two of the wounds were inflicted while the victim was in the kitchen area of her apartment in quick succession, and both wounds were to the victim's abdomen. A struggle ensued and the petitioner "ended up" in a small hallway connecting the kitchen and the front door, in front of the bathroom. The victim then requested to go into the bathroom, and the petitioner relented. After the victim had closed the door, the petitioner forced his way into the bathroom and removed the victim and backed her up against the locked front door. The petitioner then raised the knife over his head and brought it down toward the victim's throat or heart. The victim blocked this stroke, sustaining a serious cut to her hand. At this point, a male friend of the victim, having heard the screams, kicked in the front door and interrupted the petitioner's attack on the victim. The victim survived.

The only issue at trial was whether the petitioner acted under heat of passion. The jury returned a verdict of guilty of attempted manslaughter and guilty of assault in the first degree. The jury found that the defendant committed both acts under heat of passion. The court then sentenced the petitioner to three years imprisonment for the attempted manslaughter verdict, and three years imprisonment for the first degree assault verdict. The sentences were imposed consecutively. In addition, the court sentenced the petitioner to one year of parole as a part of his sentence. The petitioner challenges the imposition of consecutive sentencing and the imposition of a period of parole as a part of the sentence.

### II.

When a defendant is convicted of multiple offenses, the sentencing court has dis-

cretion to impose sentences to be served either concurrently with or consecutively to each other. *People v. Edwards*, 198 Colo. 52, 598 P.2d 126 (1979). An express restriction on this discretion as to the imposition of consecutive sentencing is section 18–1–408, 8B C.R.S. (1986), which provides in applicable part:

(2) If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution.

(3) When two or more offenses are charged as required by subsection (2) of this section and they are supported by identical evidence, the court upon application of the defendant may require the state, at the conclusion of all the evidence, to elect the count upon which the issues shall be tried. If more than one guilty verdict is returned as to any defendant in a prosecution where multiple counts are tried as required by subsection (2) of this section, the sentences imposed shall run concurrently; except that, where multiple victims are involved, the court may, within its discretion, impose consecutive sentences.

In *People v. Anderson*, 187 Colo. 171, 529 P.2d 310 (1974), we construed subsection (3) to mandate the imposition of concurrent sentences in a multiple count situation only when the counts are based on the same act or series of acts arising from the same criminal episode *and* the evidence supporting the counts is *identical.* We also noted that, "if the legislature had intended that punishment for 'multiple offenses based on the same act or series of acts arising from the same criminal episode' be by concurrent sentences only, the mandate therefor would have been made a part of subsection (2) rather than subsection (3)...." *Id.* at 174, 529 P.2d at 312.

The trial judge's traditional discretion to impose either consecutive or concurrent sentences, depending upon the gravity of the accused's criminal conduct, remains intact under section 18–1–408, 8B C.R.S. (1986), if the trial court finds that the multiple counts are not supported by identical evidence. *Anderson; People v. Montgomery*, 669 P.2d 1387 (Colo.1983); *People v. Taylor*, 197 Colo. 161, 591 P.2d 1017 (1979).

■ The trial court made a finding that the elements of first degree assault were established when the petitioner first thrust the knife into the victim's abdomen. The court then made a finding that after the victim had broken away in the apartment, the petitioner's subsequent pursuit and raising of the knife was an "obvious intent ... to inflict further harm or possibly *kill* her" (emphasis added). The court then noted, "the court finds that although this may be generally one criminal episode, the court finds that the elements of the crime and the evidence supporting the elements of the two crimes are essentially different...." We believe that a fair reading of the evidentiary matters submitted with the original proceeding prevent us from concluding that the trial court erred in its determination that there was not identical evidence to support the two charges and in its imposition of consecutive sentences. Accordingly, we discharge the rule to show cause as to the trial court's finding that there were two separate and different sets of acts which occasioned two crimes and as to its imposition of consecutive sentences.

### III.

■ Both the petitioner and the People agree that section 18–1–105(1)(a)(II), 8B C.R.S. (1986), does not authorize the imposition of a period of parole, as part of a sentence, for offenses committed on or after July 1, 1984, and before July 1, 1985. We agree with both parties that the statute is clear on this point and that the trial court erred in its imposition of a period of parole as a part of the sentence. The trial court clearly exceeded its jurisdiction. We,

**48**

therefore, make the rule absolute as to the trial court's imposition of one year of parole as a part of the defendant's sentence.

The rule is discharged in part and made absolute in part.