**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Nedio Modesto JIRON, Defendant–Appellant.**

**No. 89CA1529.**

Colorado Court of Appeals, Div. III.

July 26, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, James J. Kissell, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge JONES.

Defendant, Nedio Jiron, appeals the trial court's denial of his Crim.P. 35(b) motion for reduction of sentence. Relying on the 1985 amendment to § 18–1–408(3), C.R.S. (1986 Repl.Vol. 8B), defendant contends that, since his convictions did not involve multiple victims, concurrent sentences are mandated. We disagree with this contention and affirm the sentence.

Defendant was convicted of driving under the influence, driving under suspension, and failure to provide proof of insurance, all arising from the same criminal episode. The trial court ruled that proof of each count is not based on *identical* evidence and that, therefore, concurrent sentences are not mandated. Under § 18–1–408(3), we conclude that the trial court was correct.

Section 18–1–408(3) mandates the imposition of concurrent sentences in a multiple count conviction only when the counts are based on the same act or series of acts arising from the same criminal episode and the evidence supporting the counts is identical. In 1985, the General Assembly

amended the statute to provide further that if multiple victims are involved, the court, in its discretion, may impose consecutive sentences. Colo.Sess.Laws 1985, ch. 147, § 18–1–408(3) at 661. *See Qureshi v. District Court,* 727 P.2d 45 (Colo.1986).

Construing this statutory language in its entirety, we conclude that consecutive sentences may be imposed even if there are not multiple victims if, as here, different evidence is required to prove each count.

If the General Assembly had intended to require that punishment for "multiple offenses based on the same act or series of acts arising from the same criminal episode" be by concurrent sentences, then language mandating that type of sentence would be contained in § 18–1–408(2) rather than in § 18–1–408(3). *See People v. Anderson,* 187 Colo. 171, 529 P.2d 310 (1974) (construing the predecessor statutes to §§ 18–1–408(2) and (3)). That section, § 18–1–408(2), sets forth requirements for prosecution of multiple offenses, based on the same act or acts, committed during the same criminal episode, but proof of which is not based on *identical* evidence. Thus, concurrent sentences are not mandated here.

The order is affirmed.

STERNBERG, C.J., and NEY, J., concur.