The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Mi Sun DeBOER, Defendant–Appellant.

No. 89CA1517.

Colorado Court of Appeals,
Div. V.

Sept. 26, 1991.

Rehearing Denied Nov. 21, 1991.

Certiorari Granted May 18, 1992.

Cross-Petition for Certiorari Denied
(DeBoer) May 18, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Frances Smylie Brown, Chief Appellate Deputy Public Defender, Denver, for defendant-appellant.

Opinion by Judge PLANK.

Defendant, Mi Sun DeBoer, appeals from the judgments of conviction entered by the court upon a finding that she was guilty of attempted first degree murder and first degree assault. We affirm in part and reverse in part.

This prosecution arose from an incident in which defendant stabbed her boyfriend and then proceeded to stab herself. Ten days later, a detective of the Sheriff's department and a special agent of the U.S. Air Force took a statement about the incident from defendant while she was a patient in a hospital. The defense filed a motion to suppress that statement and, additionally, filed a motion to impose sanction against two prosecution witnesses for violating the sequestration order during the suppression hearing. The trial court denied the motion to suppress and declined to impose sanctions concerning the sequestration order.

Following a trial to the court, defendant requested to have the prosecution elect to pursue either the attempted first degree murder or the first degree assault charge. The trial court denied the motion and found defendant guilty on both counts, imposing consecutive sentences of twenty-four years and one day for attempted murder and sixteen-years and one day for first degree assault.

I.

Defendant first claims that the trial court erred in denying her motion to suppress certain incriminating statements made by her during the interview conducted by the detective and the special agent. Defendant argues that she was in custody while being interviewed, and in the absence of *Miranda* warnings, her statements were constitutionally involuntary. We disagree.

Under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), an individual must be informed of her rights when being interrogated in a custodial setting. However, confinement to a hospital bed is insufficient alone to establish custody. Instead, the question of custody is answered by an objective assessment of whether a reasonable person in the suspect's position would believe herself to be deprived of her freedom of action in any significant way. *People v. Viduya*, 703 P.2d 1281 (Colo.1985).

Relevant factors in making such an assessment include:

" '[T]he time, place and purpose of the encounter; the persons present during the interrogation; the words spoken by the officer to the defendant; the officer's tone of voice and general demeanor; the length and mood of the interrogation; whether any limitation of movement or other form of restraint was placed on the defendant during the interrogation; the officer's response to any questions asked by the defendant; whether directions were given to the defendant during the interrogation; and the defendant's verbal or nonverbal response to such directions.' "

*People v. Trujillo*, 784 P.2d 788 (Colo.1990) (quoting *People v. Thiret*, 685 P.2d 193 (Colo.1984).

Similarly, voluntariness of a confession or inculpatory statement must be determined by considering the totality of circumstances. *Mincey v. Arizona*, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978); *People v. Smith*, 716 P.2d 1115 (Colo.1986).

The burden of proof is on the People to establish by a preponderance of the

evidence that the statements were voluntary. *People v. DeBaca,* 736 P.2d 25 (Colo. 1987).

■ A confession or inculpatory statement is involuntary if coercive governmental conduct played a significant role in inducing the statement. *Colorado v. Connelly,* 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986).

At the suppression hearing, the trial court evaluated the issues of custody and voluntariness in view of the totality of circumstances. It found that the interview took place in the hospital room which defendant shared with another patient. The detective and the special agent both testified that the defendant was alert and attentive and that she spoke well and cooperated with the detective willingly.

Although the defendant was confined to her hospital bed during the interview, the court found that there were no physical restraints on defendant at the time of the interview nor did the actions of the officers restrain defendant in any way. And, although morphine had been given to her earlier that day, expert medical testimony indicated that the morphine would not have affected defendant's ability to think, speak, and understand the situation. Assessing these circumstances in their entirety, the trial court found that the officers did not conduct the interview in a coercive manner.

There is evidentiary support for the trial court's finding here that defendant was not in custody at the time she made the statements to the officers. Also, there is evidence to support the trial court's finding that defendant's statements were voluntary. Accordingly, these findings will not be disturbed on appeal. *People v. Quezada,* 731 P.2d 730 (Colo.1987).

## II.

■ Defendant next contends the trial court abused its discretion in not imposing sanctions against prosecution witnesses for violating the sequestration order. We disagree.

■ Matters relating to the sequestration of witnesses and violations of sequestration orders are within the trial court's sound discretion. Absent an abuse of discretion, the decision not to impose sanctions will be upheld. *People v. Watkins,* 191 Colo. 440, 553 P.2d 819 (1976); *People v. Wieghard,* 727 P.2d 383 (Colo.App.1986).

Here, the trial court determined that defendant was not prejudiced by the comments exchanged between prosecution witnesses outside the courtroom. We agree with this conclusion and, accordingly, find no abuse of discretion.

## III.

■ Defendant's third contention is that the trial court erred in denying her motion under § 18-1-408, C.R.S. (1986 Repl.Vol. 8B) to require the People to elect which charge to pursue against her. We disagree.

Section 18-1-408, C.R.S. (1986 Repl.Vol. 8B) provides:

"(2) If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the *same act or series of acts arising from the same criminal episode.* Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution.

"(3) When two or more offenses are charged as required by subsection (2) of this section *and they are supported by identical evidence,* the court upon application of the defendant *may* require the state, at the conclusion of all the evidence, to elect the count upon which the issues shall be tried. *If more than one guilty verdict is returned as to any defendant in a prosecution where multiple counts are tried as required by subsection (2) of this section, the sentences imposed shall run concurrently;* except that, where multiple victims are involved, the court may, within its discretion, impose consecutive sentences." (emphasis added)

As indicated by the General Assembly's use of the permissive "may," the trial court is not legally *bound* to require an election. *People v. Heller*, 698 P.2d 1357 (Colo.App. 1984), *rev'd on other grounds*, 712 P.2d 1023 (Colo.1986). Therefore, we hold that the trial court did not err in not requiring the People to elect. *People v. Bowman*, 669 P.2d 1369 (Colo.1983).

## IV.

■ However, when the offenses are supported by identical evidence, and guilty verdicts are returned as to each, the statute does bind the trial court to sentence defendant concurrently when the People do not elect a count. *People v. Jiron*, 796 P.2d 499 (Colo.App.1990); *People v. Bowman, supra.* Hence, since we agree with defendant that the evidence supporting each offense is identical, we also agree with her contention the trial court was required to impose concurrent sentences.

The trial court relied on *Qureshi v. District Court*, 727 P.2d 45 (Colo.1986) to support its conclusion that the two offenses involved here were not supported by identical evidence.

In *Qureshi*, defendant was convicted of first degree assault after heat of passion and attempted manslaughter after heat of passion. There, defendant stabbed his wife twice in the abdomen while they were in the kitchen. The trial court determined that these wounds supported the assault charge.

The wife then received permission from her husband to go to the bathroom. When the wife closed the bathroom door, defendant forced it open, backed her against the wall, raised his knife, and brought it down toward her throat. When the wife raised her hand to defend herself, defendant cut it. This cut and the actions relating to it, the trial court found, supported the manslaughter charge. Our supreme court affirmed the rulings of the trial court.

Here, defendant first stabbed the victim in the stomach and drug the knife in a downward motion to the victim's groin. The trial court determined that this wound supported the attempted murder charge.

Defendant, immediately thereafter, stabbed the victim in other parts of his body, including the shoulder and chest. These wounds, the trial court found, supported the assault charge.

Although these cases appear to be analogous, we conclude that *Qureshi* is distinguishable from this matter. In *Qureshi* there was a break in time and change in circumstances between the wounds that supported the separate charges. In contrast, here, defendant engaged in a continuous attack of the victim. There was no hiatus between the stabbings or circumstance to support separate charges.

We, thus, disagree with the trial court's holding that the charges against defendant were not based on identical evidence. Consequently, we conclude that the trial court erred in imposing consecutive sentences.

The judgment of conviction is affirmed. That portion of the sentence requiring that the sentence imposed be served consecutively is vacated, and the cause is remanded with directions that the sentences be served concurrently.

NEY, J., concurs.

JONES, J., dissents.

Judge JONES dissenting.

I respectfully dissent from Parts III and IV of the majority opinion. I conclude that the trial court abused its discretion in allowing the defendant to be convicted of both attempted first degree murder and first degree assault, although not for the reasons asserted by the defendant.

I concede that it was not, *per se*, an abuse of discretion to deny the defendant's motion to elect. *People v. Anderson*, 187 Colo. 171, 529 P.2d 310 (1974) (construing a predecessor statute to § 18–1–408(3), C.R.S. (1986 Repl.Vol. 8B)). However, having denied that motion, the trial court, alternatively, could find the defendant guilty of attempted first degree murder or guilty of first degree assault, but not both. *See People v. Tippett*, 733 P.2d 1183 (Colo. 1987).

Thus, as in *Tippett,* the court's failure to require an election by either the prosecution or the trier of fact constitutes "an abuse of discretion that requires reversal" of one of the defendant's convictions. I, therefore, dissent from the majority's holding in Part III.

Furthermore, as to Part IV of the majority opinion, I conclude that the trial court erred, as a matter of law, in entering judgments of conviction as to both charges. Thus, the issue of consecutive or concurrent sentences under § 18–1–408(3) should not be addressed on appeal.

I would, therefore, remand this matter to the trial court for vacation of the judgment and sentence as to one of the charges.