**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Robert JURADO, Defendant–Appellant.**

No. 99CA0851.

Colorado Court of Appeals, Div. I.

Feb. 15, 2001.

Certiorari Denied Sept. 10, 2001.

Ken Salazar, Attorney General, John J. Fuerst, III, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Shann Jeffery, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, Robert Jurado, appeals the judgment of conviction entered on a jury verdict finding him guilty of first degree sexual assault, second degree kidnapping, second degree assault, and two counts of crime of violence. He also appeals the sentence imposed. We affirm the judgment of conviction and sentence, but remand the cause for correction of the mittimus.

According to the victim's testimony at trial, defendant approached her as she was leaving a party and offered to accompany her to a nearby pay phone booth to call a cab. When they reached the phone booth, he hit her on the head with a beer bottle, struck her repeatedly, dragged her to a nearby bush, and was sexually assaulting her when police officers arrived. Defendant did not

deny assaulting the victim, but claimed that no sexual penetration had occurred. The physical evidence relevant to penetration was inconclusive.

Defendant was convicted as set forth above and sentenced to three consecutive terms totaling 96 years.

## I.

Defendant contends that the trial court erred in instructing the jury that, for purposes of the sexual assault charge, "sexual intercourse" included "simulated intercourse." We agree that the instruction was erroneous, but conclude that the error does not warrant reversal.

## A.

■ It is an essential feature of a fair trial that the trial court correctly instruct the jury on all matters of law. *People v. Harlan*, 8 P.3d 448 (Colo.2000).

■ In preparing jury instructions, trial courts should generally abstain from giving abstract statements of law or taking language out of context from cases or unrelated statutes. *See Evans v. People*, 706 P.2d 795 (Colo.1985); *People v. Zuniga*, 631 P.2d 1157 (Colo.App.1981).

A conviction for sexual assault requires, among other elements, a showing that the defendant "knowingly inflict[ed] sexual intrusion or sexual penetration on a victim." Section 18–3–402(1), C.R.S.2000.

The trial court here instructed the jury that, to convict defendant of first degree sexual assault, it had to find that the prosecution had proven beyond a reasonable doubt that defendant:

(3) knowingly,

(4) inflicted sexual penetration on [the victim], and

(5) caused submission of [the victim],

(6) through the actual application of physical force or physical violence.

Using the definition set forth in § 18–3–401(6), C.R.S.2000, the court defined sexual penetration as follows:

"Sexual penetration" means sexual intercourse, cunnilingus, fellatio, analingus, or anal intercourse. Emission need not be proved as an element of any sexual penetration. Any penetration, however slight, is sufficient to complete the crime.

Section 18–3–401, which defines terms applicable to crimes involving unlawful sexual behavior, does not include a definition of "sexual intercourse." The trial court acknowledged this fact but nevertheless ruled, over defense objection, that it would explain the term to the jury "given what is going on in Washington D.C. and the curious definitions of things that are being bandied about on a daily basis." Accordingly, it instructed the jury that:

"Sexual intercourse" means real or simulated intercourse, whether genital-genital, or anal-genital, between persons of the same or opposite sex.

The court's definition appears to have been based on § 18–6–403(2)(i), C.R.S.2000, which defines "sexual intercourse" as "real or simulated intercourse, whether genital-genital, oral-genital, anal-genital, or oral-anal, between persons of the same or opposite sex, or between a human and an animal, or with an artificial genital."

Section 18–6–403, C.R.S.2000, proscribes sexual exploitation of children. The definitions in § 18–6–403(2) apply to the enumerated terms "as used in this section." Further, the definition of "sexual intercourse" in § 18–6–403(2)(i) includes references to forms of intercourse, *e.g.*, between a human and an animal, that cannot form the basis of a conviction for sexual assault.

Even though the definition given here did not include all the phrases in § 18–6–403(2)(i), it retained the phrase "simulated intercourse." "Simulated" means "of a feigned or imitative character." *Webster's Third New International Dictionary* 2122 (1986); *see also Black's Law Dictionary* 1389 (7th ed.1999) (defining a "simulated fact" as "[a] fabricated fact intended to mislead").

■ Defining sexual intercourse to include simulated intercourse expands the type of behavior that can constitute sexual assault. Depending on the circumstances, the defini-

tion given here could permit a conviction of sexual assault premised on sexual penetration even though actual sexual penetration was not established. Thus, we agree with defendant that the trial court's definition of "sexual intercourse" was inapplicable to sexual assault and should not have been given.

### B.

Having concluded that the jury instruction was erroneous, we must next determine whether the error requires reversal of defendant's conviction.

As an initial matter, because we conclude, as set forth below, that the error does not require reversal even under a constitutional harmless error standard, we do not reach the People's contention that defendant failed to object with sufficient specificity to the instruction at trial and thus is entitled only to a plain error standard of review.

When an error is constitutional in nature, reversal is required unless it was harmless beyond a reasonable doubt—that is, unless there is no reasonable possibility that the error misled the jury or contributed to the verdict obtained. In making that determination, we consider the entire record, including the jury instructions as a whole and the evidence and arguments presented at trial. *See Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); *People v. Harlan, supra; People v. Silva*, 987 P.2d 909 (Colo.App.1999).

Defendant's theory of defense was that there had been no sexual penetration. To prove actual penetration, the prosecution put on testimonial evidence from the victim and from police officers, who testified that, when they arrived at the scene, defendant was on top of the victim with his pants down, moving up and down between her legs, and had an erect penis. Defendant relied on the lack of physical evidence to argue that the prosecution had not proven penetration beyond a reasonable doubt.

Even accepting defendant's argument that the jury could reasonably have found no actual penetration, there was no evidence presented at trial that would have supported a finding of "simulated" intercourse or penetration. Nor was there any argument that what occurred could have been "simulated"— a term which, in our view, is not beyond the understanding of ordinary jurors—rather than real. On the contrary, the prosecutor's entire closing argument on the subject went towards establishing that actual penetration had in fact occurred.

Finally, the jury was instructed, in the definition of "sexual penetration," that "any penetration, however slight," was sufficient. That definition further clarified that actual, not simulated, penetration was required.

In light of the evidence, the arguments, and the jury instructions read as a whole, we conclude that there is no reasonable possibility that the erroneous definition of sexual intercourse misled the jury or contributed to its guilty verdict. Therefore, the error does not warrant reversal of defendant's conviction.

### II.

Defendant next contends that the trial court erred in imposing consecutive, rather than concurrent, sentences for the second degree assault, kidnapping, and sexual assault convictions. We do not agree.

The consecutive sentences imposed here—48 years for kidnapping, 32 years for sexual assault, and 16 years for assault— were the maximum in the aggravated range applicable to each offense. Although kidnapping, sexual assault, and second degree assault are all crimes of violence, *see* § 16–11–309(2)(a)(I), C.R.S.2000, crime of violence sentencing was inapplicable to the sexual assault charge here because of an error in the count submitted to the jury.

### A.

As a general rule, when a defendant is convicted of multiple offenses, the sentencing court has discretion to impose consecutive or concurrent sentences. However, § 18–1–408(3), C.R.S.2000, mandates imposition of concurrent sentences for offenses committed against a single victim when the counts are based on the same act or series of

acts arising from the same criminal episode and the evidence supporting the counts is identical. *See Qureshi v. District Court*, 727 P.2d 45 (Colo.1986); *People v. Page*, 907 P.2d 624 (Colo.App.1995).

■ The mere fact that the offenses took place during one continuous criminal episode does not establish that they were supported by identical evidence. *See People v. Anderson*, 187 Colo. 171, 529 P.2d 310 (1974); *People v. Allen*, 944 P.2d 541 (Colo.App. 1996). Further, offenses are not necessarily supported by identical evidence even though there are some common elements of proof. *See People v. Anderson, supra; People v. Osborne*, 973 P.2d 666 (Colo.App.1998) (although some of the evidence establishing defendant's guilt may have been overlapping, prosecution did not use identical evidence to prove guilt both as a complicitor and as a conspirator).

When the offenses at issue are crimes of violence, a trial court's sentencing discretion is also limited by § 16–11–309(1)(a), C.R.S. 2000, which states: "A person convicted of two or more separate crimes of violence arising out of the same incident shall be sentenced for such crimes so that sentences are served consecutively rather than concurrently."

■ Construing § 18–1–408(3) and § 16–11–309(1)(a) together, crimes of violence are "separate" within the meaning of § 16–11–309(1)(a), and thus require consecutive sentencing, when the evidence supporting the convictions is not "identical" within the meaning of § 18–1–408(3). *People v. Page, supra*, 907 P.2d at 637.

Under this statutory framework, the propriety of consecutive sentences for all three of the offenses at issue here turns on whether defendant's convictions were supported by identical evidence.

## B.

■ We conclude that, although the offenses of which defendant was convicted were part of a continuous course of conduct and had some common elements of proof, they were not supported by identical evidence.

The conviction for second degree assault required a showing that injury to the victim was caused by means of a deadly weapon. Section 18–3–203(1)(b), C.R.S.2000. That was established by evidence that defendant struck the victim on the head with a beer bottle. The prosecution was not required to, and did not, rely on that evidence to establish second degree kidnapping.

Conversely, evidence that defendant had dragged the victim from the phone booth to a bush, which was necessary to establish the "seize and carry" element of second degree kidnapping, *see* § 18–3–302(1), C.R.S.2000, did not support the assault charge and was not relied on by the prosecution to support that charge.

Accordingly, because the convictions for second degree assault and second degree kidnapping were not supported by identical evidence, they were "separate" crimes of violence, and the trial court was required to impose consecutive sentences pursuant to § 16–11–309(1)(a).

■ The evidence of sexual penetration that supported the sexual assault charge was not identical to any evidence that established kidnapping or second degree assault. Contrary to defendant's contention, the fact that the prosecutor relied in closing argument on evidence of the latter offenses to establish some of the elements of sexual assault does not require the conclusion that the charges must be deemed supported by identical evidence. Thus, it was within the trial court's discretion to impose a consecutive sentence for sexual assault as well.

## III.

Defendant contends, the People concede, and we agree, that the mittimus in this case must be corrected to reflect that the sexual assault conviction is a class three felony, not a class two felony as indicated on the mittimus. *See* § 18–3–402(4), C.R.S.2000.

The judgment of conviction and the sentence are affirmed, and the cause is remand-

ed with directions to correct the mittimus as set forth above.

DAILEY and ERICKSON *, JJ., concur.