The PEOPLE of the State of
Colorado, Petitioner,

v.

Jermaine L. MUCKLE, Respondent.

No. 03SC775.

Supreme Court of Colorado,
En Banc.

Jan. 10, 2005.

John W. Suthers, Acting Attorney General, Laurie A. Booras, First Assistant Attorney General, Denver, for Petitioner.

The Law Firm of Douglas S. Joffe, Douglas S. Joffe, Denver, for Respondent.

Chief Justice MULLARKEY delivered the Opinion of the Court.

At issue here is the trial court's discretion under section 18–1–408(3), C.R.S. (2004), to impose consecutive sentences on a defendant who is found guilty of multiple convictions involving a single victim when the convictions may be based on identical evidence. The People challenge the court of appeals' decision below vacating the trial court's consecutive sentencing of the defendant, Jermaine Muckle, and remanding the case to the trial court for the imposition of concurrent sentences. *People v. Muckle*, No. 95CR1028, slip op. at 1, 2003 WL 1848579 (Colo.App. 2003) (not selected for official publication).

Traditionally, the trial court has broad discretion at sentencing. Although section 18–1–408(3) imposes some restrictions on the trial court's discretion, it does so only when multiple convictions involving a single victim are returned and it is clear that they were based on identical evidence. Because the evidence in this case supports the trial court's finding that the two convictions returned against Muckle corresponded to two separate acts, we affirm the trial court's exercise of its

sentencing discretion and reverse the court of appeals.

## I. Facts and Procedural History

The facts surrounding the shooting in this case were contested at trial. Three eyewitnesses testified that Muckle arrived at an apartment to sell drugs. Two men, Derrick Davis and Theopolis Hendrix, who are the victims in this case, were in the apartment when Muckle arrived. Two women were present when Muckle arrived and throughout most of the evening. Over the next several hours, Muckle stayed in the apartment while Davis and Hendrix went on an errand and later returned to the apartment. Soon after their return, Muckle came to suspect them of stealing his car stereo speakers. At that point, Muckle reportedly became angry, drew a gun and shot a warning shot at Hendrix, at which point both women fled the apartment. According to Hendrix, Muckle continued shooting at Hendrix and Davis, killing Davis and wounding Hendrix.

Muckle's testimony differed significantly from the eyewitness testimony given by the two women and Hendrix that Muckle pulled out a gun and began shooting. In contrast, Muckle testified that although he suspected Hendrix and Davis of stealing his car stereo speakers, he was not angry about the suspected theft. Instead, Muckle testified that Davis pointed a gun at Muckle in an attempt to rob him, that both Davis and Hendrix physically assaulted him, that Muckle feared for his life, that he struggled for the gun and in the course of the struggle the gun discharged multiple times, and that somehow Muckle gained possession of Davis' gun and began shooting out of self defense. Muckle stated that he was not aiming the gun, but was merely trying to escape from a dangerous situation.

In his first trial, Muckle was convicted of first degree murder of Davis in violation of section 18–3–102(1)(a), 8B C.R.S. (1995), attempted first degree murder of Hendrix in violation of section 18–2–101(4), 8B C.R.S. (1995), and first degree assault of Hendrix in violation of section 18–3–202(1)(a), 8B C.R.S. (1995). Muckle was sentenced to life imprisonment without parole for the first degree murder conviction as to Davis, thirty-two years on the attempted first degree murder conviction as to Hendrix, and twenty years for the first degree assault conviction as to Hendrix. However, Muckle's convictions were reversed on appeal, and the case was remanded for a new trial. *People v. Muckle,* No. 96 CA1369, slip op. at 1 (Colo.App.1998) (not selected for official publication).

Although the circumstances of the shooting and the timing of the shots were disputed at trial, it was undisputed that Muckle shot Hendrix twice, once in the abdomen, and once in the arm. Forensic evidence indicated that the two shots were likely fired while Hendrix was in two different positions. There was evidence that the first shot to the abdomen was fired while Hendrix was seated, and the second shot to the arm was fired while Hendrix was moving away from Muckle in an attempt to reach the door.

At the second trial, the People did not specify which of Hendrix's two bullet wounds corresponded to the attempted murder charge and which formed the basis of the assault charge.

The jury acquitted Muckle of the first degree murder charge under section 18–3–102(1)(a), 8B C.R.S. (1995), as to Davis, but convicted him of attempted second degree murder of Hendrix, in violation of section 18–2–101(4), 8B C.R.S. (1995), and first degree assault of Hendrix in violation of section 18–3–202(1)(a), 8B C.R.S. (1995). Muckle took a second appeal, challenging the two convictions he received for shooting Hendrix.

On appeal of the second trial verdict, the court of appeals reversed both the attempted second degree murder and first degree assault convictions as to Hendrix after finding that the trial court had erred in not giving a heat-of-passion instruction. *People v. Muckle,* No. 00CA0536, slip op. at 1 (Colo.App. 2001)(not selected for official publication).

In its remand order, the court of appeals held that the prosecution could elect either to retry the defendant for attempted second degree murder and first degree assault, or to ask the trial court to enter judgments of conviction for heat-of-passion manslaughter section 18–3–104(1)(c), 8B C.R.S. (1995), and

first degree assault after provocation under section 18–3–202(2)(a), 8B C.R.S. (1995). *Id.,* at 6.

On remand, the prosecution chose to ask the trial court to enter convictions of heat-of-passion manslaughter and first degree assault after provocation instead of retrying the defendant, and asked the trial court to impose consecutive sentences. Defense counsel raised the argument that concurrent sentencing was appropriate in this case because the jury's verdict was ambiguous.

In response, the trial court found that in this case,

> there's not identical evidence. There's one event when [the victim is] seated on the couch, another distinct event when he's leaving, attempting to flee. These are not the same acts. The evidence is not identical. The court recalls that the evidence, even though it was conflicting, indicates more than one act to support the two charges and allows the Court to impose consecutive sentences.

The trial court then imposed consecutive terms of six years for heat-of-passion manslaughter and eight years for first degree assault. Muckle appealed the sentencing decision, arguing that the trial court should have imposed concurrent sentences because the jury may have found him guilty of the two offenses based upon identical evidence on the theory that the two shots were not sufficiently distinct, but were part of a single impulse.

On Muckle's third appeal, the court of appeals agreed that concurrent sentences were required under section 18–1–408(3) since the jury may have convicted Muckle of two offenses on the basis of identical evidence. The court of appeals reasoned that the prosecution's failure to specify which shot corresponded to which charge created the danger that the jury could have convicted Muckle twice for the same act or series of acts since the jury could have used the shot to the abdomen as the basis of both the attempted murder and the assault convictions. Accordingly, the court of appeals found that the possibility that the jury had returned multiple convictions on the basis of

the same evidence prohibited consecutive sentences under section 18–1–408(3).

We granted certiorari to consider whether the court of appeals erred when it concluded that concurrent sentences were required because the jury might have based its guilty verdicts on identical evidence. We find that the court of appeals did err, and we reverse.

## II. Analysis

■ We review the trial court's decision under an abuse-of-discretion standard. "It is well-settled law that the sentencing of a defendant is within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion." *People v. Pineda,* 40 P.3d 60, 68 (Colo.App. 2001). Furthermore, the standard for abuse of discretion is satisfied "if the trial court's ruling is manifestly arbitrary, unreasonable, or unfair." *Id.* at 63.

■ Section 18–1–408(3) states in relevant part:

> When two or more offenses are charged as required by subsection (2) of this section and they are supported by identical evidence, the court upon application of the defendant may require the state, at the conclusion of all the evidence, to elect the count upon which the issues shall be tried. If more than one guilty verdict is returned as to any defendant in a prosecution where multiple counts are tried as required by subsection (2) of this section, the sentences imposed shall run concurrently; except that, where multiple victims are involved, the court may, within its discretion, impose consecutive sentences.

Thus, the defendant has a right under the statute to request that the trial court force the prosecution to elect by specifying which acts correspond to which charges. Upon a proper motion by the defendant, the trial court has discretion to require the prosecution to elect. Section 18–1–408(3) states in part "the court upon application of the defendant *may* require the state" to elect. § 18–1–408(3), C.R.S. (2004) (emphasis added).

If no election is made before the case is given to the jury and multiple convictions are returned, the statute gives the trial court the

discretion to decide whether to impose consecutive or concurrent sentences if the evidence is not identical. Therefore, the trial court has another opportunity to review the evidence and determine whether there was identical evidence.

We hold that the mere possibility that the jury may have relied on identical evidence in returning more than one conviction is not sufficient to trigger the mandatory concurrent sentencing provision. There is no indication that the jury in this case relied on the same evidence to convict Muckle of two offenses in the shooting of Hendrix. The defendant claims that the prosecution asserted in closing argument that the same evidence supported both the first degree assault and the attempted first-degree murder charge. Our review of the record rebuts that claim and shows that the prosecution did not make such an argument. Nor was there a jury instruction to that effect.

■ At sentencing, the trial court specifically considered and rejected Muckle's argument that the convictions were based on identical evidence. Under the abuse-of-discretion standard, an appellate court must affirm the trial court's decision if there is any evidence in the record to support the trial court's finding.

The question on appeal then becomes whether there is any evidence to support the trial court's finding that separate acts support each of the two convictions. Although the facts were disputed at trial, forensic evidence and Hendrix's own testimony supported the trial court's finding that the two acts were sufficiently separate to justify consecutive sentencing. The forensic evidence indicated that the first bullet hit Hendrix in the abdomen while he was seated and the second bullet hit Hendrix in the back of his arm while he was moving away from Muckle. Thus, the shots were sufficiently distinguishable from each other so as to form the basis of the two counts.

We interpreted section 18–1–408(3) in a case with similar facts in *Qureshi v. District Court*, 727 P.2d 45 (Colo.1986). In *Qureshi*, the jury convicted the defendant of multiple counts, and the trial court imposed consecutive sentences after rejecting the defendant's contention that section 18–1–408(3) requires concurrent sentencing.

This court found that the defendant committed two separate acts, and that the acts were separated by time and place. *Qureshi*, 727 P.2d at 47. We agreed with the trial court's finding that the defendant's attempted blow to the victim's throat or heart could have been fatal and thus may have formed the basis for Qureshi's conviction of attempted manslaughter while the earlier stab to the victim's abdomen could have been the basis for the assault conviction.

We held in *Qureshi* that the trial court's "traditional discretion to impose either consecutive or concurrent sentences, depending on the gravity of the accused's criminal conduct, remains intact under section 18–1–408 *if the trial court finds that the multiple counts are not supported by identical evidence*." *Qureshi*, 727 P.2d at 47 (emphasis added). Thus, the trial court loses its traditional sentencing discretion under section 18–1–408(3) only if the evidence supports no other conclusion than that the charges are based on identical evidence.

In reversing the trial court's ruling in Muckle's case, the court of appeals did not rely on *Qureshi*, or even cite it, but instead relied on *People v. Page*, 907 P.2d 624 (Colo. App.1995). In *Page*, the defendant was charged with shooting two women who were jogging together; and, more specifically, shooting each victim once in the head and once in the chest. Thus, as to each victim, Page was charged with attempted first degree murder and first degree assault giving rise to four charges against him, two as to each victim. The trial court found that there was sufficient evidence in the record to support two separate acts since the shot to the head and the shot to the chest as to each victim were sufficiently separated by time and the location on each victim's body.

In *Page*, the court of appeals employed a different analysis from *Qureshi*, finding that although the two shots as to each victim had been distinct acts, at trial "evidence of both shots at each victim was used to support both the assault and the attempted murder charges related to each." *Page*, 907 P.2d at

637. Because the multiple convictions rendered by the jury *may* have resulted from the jury's reliance on identical evidence, the court of appeals reversed the trial court and remanded the case with directions to impose concurrent sentences.

The court of appeals in the case now before us found that Muckle's case was similar to *Page* in terms of both the charges submitted to the jury, and the factual scenario evaluated. The court of appeals, applying *Page* instead of *Qureshi,* concluded that Muckle's convictions could have been obtained on the basis of identical evidence; and therefore, the trial court was required to sentence Muckle to concurrent sentences.

*Page* is inconsistent with *Qureshi* and its interpretation of section 18–1–408(3), and we now overrule *Page* and reaffirm *Qureshi. Page* fails to give proper deference to the trial court's sentencing discretion. We acknowledge that under the facts in *Qureshi,* the jury might have returned the two convictions based on identical evidence. However, the mere possibility that identical evidence supported the two convictions is not enough to take away the trial court's traditionally broad discretion at sentencing. It is only when the evidence will support no other reasonable inference than that the convictions were based on identical evidence that a sentencing court must find that the defendant is entitled to concurrent sentences. In all other cases, the trial court retains its discretion and its sentencing decision must be upheld unless the trial court abused its discretion.

## III. Conclusion

Accordingly, we reverse the judgment of the court of appeals and direct it to return the case to the district court for reinstatement of Muckle's consecutive sentences.