24CA0330 Peo v Dobler 10-30-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0330
Jefferson County District Court No. 11CR2082
Honorable Christopher B. Rhamey, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Zachariah Clark Dobler,

Defendant-Appellant.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Lipinsky and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 30, 2025

---

Philip J. Weiser, Attorney General, Jacob R. Lofgren, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, James S. Hardy, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Zachariah Clark Dobler, appeals the postconviction court's order denying his motion to reconsider the denial of his motion to enforce his plea agreement.  We affirm.

## I.     Background

¶ 2     After Dobler sped through an accident scene, killed a tow truck driver, and then fled the scene, the prosecution charged him with multiple crimes.  In 2012, Dobler pleaded guilty to vehicular homicide and leaving the scene of an accident involving death. In exchange, the prosecution dismissed the remaining charges.

¶ 3     Dobler stipulated in his plea agreement, in relevant part, as follows:

- He "fully underst[oo]d" that he "shall be sentenced to a term of at least 24 years but not more than 48 years" in prison.

- The court could determine the presence of any aggravating circumstances.

- "[T]he [c]ourt c[ould] order the sentence on each count to run concurrent with or consecutive to the other count."

1

- There was a factual basis for the guilty plea, and he "waive[d] the requirement of showing a factual basis for the plea."

¶ 4     At the plea hearing, defense counsel and the prosecution stipulated "that a factual basis exist[ed]." The court confirmed that Dobler had read and understood the plea agreement. And Dobler specifically confirmed his understanding that "the prison sentence [wa]s going to be for a definite term of 24 to 48 years." He also confirmed that he had no questions about "the possible penalties." The court then accepted Dobler's guilty pleas.

¶ 5     The court later sentenced Dobler to twenty-four years in prison on each count, to be served consecutively, for a total prison sentence of forty-eight years.

¶ 6     Dobler directly appealed his sentence. A division of this court affirmed, concluding that Dobler could not challenge the propriety of his sentence because it was within the agreed upon range. *People v. Dobler*, 2015 COA 25, ¶¶ 5, 28.

¶ 7     Over the next several years, Dobler filed multiple unsuccessful motions under Crim. P. 35(a) and Crim. P. 35(c), challenging, among other things, the legality of his sentence.

¶ 8     Then, in 2023, Dobler filed his motion to enforce the plea agreement and asked the postconviction court to "correct the illegal sentence imposed." He asserted that (1) the sentencing court breached the plea agreement when it imposed an aggravated sentence; and (2) his consecutive sentences were illegal because the convictions were based on identical evidence, requiring the court to impose concurrent sentences under section 18-1-408(3), C.R.S. 2025. The postconviction court denied the motion.

¶ 9     Not long after, Dobler filed the motion to reconsider the postconviction court's denial of his motion to enforce the plea agreement — the motion currently at issue. In the motion to reconsider, Dobler again argued that the sentencing court improperly aggravated his sentence in breach of the plea agreement and erred by imposing illegal consecutive sentences.

¶ 10    In a detailed written order, the postconviction court denied the motion to reconsider. The court concluded that the sentencing court adhered to the plea agreement when it sentenced Dobler in the stipulated range and that his consecutive sentences were not illegal because his convictions weren't based on identical evidence.

II.    Analysis

¶ 11    Dobler contends that the postconviction court erred by denying his motion to reconsider. As we understand it, Dobler maintains that the sentencing court (1) improperly sentenced him to an aggravated sentence in breach of the plea agreement and (2) imposed illegal consecutive sentences. Because different procedural rules apply to these contentions, we consider them separately.

## A.    Breach of the Plea Agreement

¶ 12    We first consider Dobler's claim that the court improperly sentenced him to an aggravated sentence in breach of his plea agreement. We conclude that Rule 35(c) bars this claim.

¶ 13    A postconviction claim alleging the breach of a plea agreement is cognizable under Rule 35(c).[1] *See* Crim. P. 35(c)(2)(I) (providing for postconviction review of a defendant's claim that his sentence was imposed in violation of the United States or Colorado

---

[1] Because the substance — not the caption — of a postconviction motion controls how the court resolves it, *People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006), we disagree with Dobler's claim that his motion asserting breach of the plea agreement falls outside Crim. P. 35(c).

Constitutions or laws); *St. James v. People*, 948 P.2d 1028, 1030-32 (Colo. 1997) (addressing the defendant's claim for breach of a plea agreement under Rule 35(c)); *see also People v. Wilbur*, 890 P.2d 113, 118-19 (Colo. 1995) (addressing a motion to enforce a plea agreement under Rule 35(c)).

¶ 14 Absent certain exceptions not applicable here, a court *shall* deny any claim that either was raised or could have been raised in a previous appeal or postconviction proceeding. *See* Crim. P. 35(c)(3)(VI), (VII). This procedural bar is "mandatory." *People v. Taylor*, 2018 COA 175, ¶ 17.

¶ 15 Because a motion to reconsider the denial of a Rule 35(c) motion, like Dobler's motion to reconsider, is "essentially a successive motion for postconviction relief," *People v. Thomas*, 195 P.3d 1162, 1165 (Colo. App. 2008), we conclude, albeit on different grounds, that the postconviction court properly denied the motion to reconsider Dobler's claim that the court aggravated his sentence in breach of the plea agreement, *see People v. Cooper*, 2023 COA 113, ¶ 7 ("We may affirm the postconviction court's ruling on any ground supported by the record, whether or not the postconviction court relied on or considered that ground.").

## B. Illegal Consecutive Sentences

¶ 16    We next consider Dobler's argument that the court imposed illegal consecutive sentences in violation of section 18-1-408(3). We construe this claim under Rule 35(a), which allows a court to correct a sentence not authorized by law or imposed without jurisdiction at any time, but allows a court to correct a sentence imposed in an illegal manner only within 126 days after sentencing.

¶ 17    Because Dobler maintains that his consecutive sentences are not authorized under section 18-1-408(3), we disagree with the People that Dobler's claim is a time-barred illegal manner claim. *See People v. Green,* 36 P.3d 125, 126 (Colo. App. 2001) ("[A]n illegal sentence is one that is inconsistent with the terms specified by statutes."); *see also Hunsaker v. People*, 2021 CO 83, ¶ 19 (listing sentences that "should have been imposed to run concurrently" but "were imposed to run consecutively" as an example of an illegal sentence claim). And because successive illegal sentence claims are analyzed under the law of the case doctrine (which the People do not argue), we likewise disagree with the People that this claim is successive under Rule 35(c). *See People v. Tolbert,* 216 P.3d 1, 5-6

(Colo. App. 2007) (noting that Rule 35(c)'s procedural bars do not apply to Rule 35(a) claims).

¶ 18    We review de novo the legality of a defendant's sentence. *Veith v. People*, 2017 CO 19, ¶ 12.

¶ 19    When a defendant is convicted of multiple counts committed against a single victim, section 18-1-408(3) requires concurrent sentencing only if (1) the counts are based on the same act or series of acts arising from the same criminal episode, and (2) the evidence supporting the counts is identical. *Juhl v. People*, 172 P.3d 896, 901 (Colo. 2007).

¶ 20    Though not addressed by the parties, we question whether Dobler waived this claim. That's because, in his plea agreement, Dobler waived the factual basis for his guilty plea and agreed that the court could order his sentences to run consecutively, rather than concurrently. *See People v. Maestas*, 224 P.3d 405, 408-09 (Colo. App. 2009) (noting that, when a defendant pleads guilty and waives the establishment of a factual basis, he waives the right to rely on section 18-1-408(3)).

¶ 21    But even if Dobler did not waive the right to rely on section 18-1-408(3), we conclude that the postconviction court properly

determined that his convictions were based on separate and distinct acts. *See Juhl*, 172 P.3d at 902 (noting that convictions are not based on identical evidence when the charges result "from two or more acts fairly considered to be separate acts"). Evidence that Dobler drove his vehicle while under the influence of alcohol and then hit and killed the victim supported the vehicular homicide charge. *See* § 18-3-106(1)(b)(I), C.R.S. 2025 (outlining the elements of vehicular homicide while under the influence). After Dobler killed the victim, he fled the accident scene and did not return. That separate act supported his conviction for leaving the scene of an accident resulting in death. *See* § 42-4-1601(1), C.R.S. 2011 (outlining the elements for leaving the scene of an accident resulting in death).[2] Though Dobler never stopped driving, "[t]he mere fact that the offenses took place during one continuous criminal episode does not establish that they were supported by identical evidence." *People v. Jurado*, 30 P.3d 769, 773 (Colo. App. 2001).

---

[2] Since the statute for leaving the scene of an accident resulting in death has since been amended, *see* Ch. 261, sec. 1, § 42-4-1601(1), 2012 Colo. Sess. Laws 1354, we cite the statute in effect at the time of the charged crime.

¶ 22    Because the evidence required to prove the two convictions was not identical, the sentencing court did not impose an illegal consecutive sentence, and the postconviction court properly denied the motion to reconsider.

## III.    Disposition

¶ 23    The order is affirmed.

JUDGE LIPINSKY and JUDGE KUHN concur.