**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 9, 2006**

**TENTH CIRCUIT**

SYLVESTER DAVIS,

      Petitioner-Appellant,

v.

BRENT CROUSE; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents-Appellees.

No. 06-1080

(D.C. No. 04-CV-1752-WYD)

(D. Colorado)

**ORDER**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

Sylvester Davis, a Colorado state prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28 U.S.C.

§ 2254 petition for writ of habeas corpus. Because Davis has failed to make "a

substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we

deny his request and dismiss the matter.

I.

In 1997, Davis was charged in Colorado state court with, and ultimately convicted

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

at a single jury trial of, committing five armed robberies of Denver area convenience stores between May 10 and May 23, 1997. As a result of his convictions, Davis was sentenced on February 27, 1998, to an aggregate sentence of 30 years' imprisonment. Davis' convictions were affirmed on direct appeal. See People v. Davis, No. 98CA0904 (Colo. App. Apr. 20, 2000) (not selected for publication). Davis' petition for writ of certiorari was denied by the Colorado Supreme Court and a mandate was issued on June 22, 2000.

After unsuccessfully moving for a new trial, Davis filed a pro se application for state post-conviction relief asserting ineffective assistance of counsel and also requesting a new trial on the basis of newly discovered evidence. After conducting an evidentiary hearing, during which Davis was allowed to present testimony from two police officers and his former trial counsel, the state trial court denied the application. The Colorado Court of Appeals affirmed the denial of post-conviction relief on January 29, 2004. See People v. Davis, No. 02CA1170 (Colo. Ct. App. Jan. 29, 2004) (not selected for publication). The Colorado Supreme Court denied certiorari review on June 21, 2004.

Davis filed his federal habeas petition on August 23, 2004, asserting three claims for relief: (1) that his trial counsel was ineffective for (a) failing to show Davis prior to trial a surveillance videotape that, in Davis' view, demonstrated that a prosecution eyewitness committed perjury, and (b) failing to introduce at trial a letter from a person who confessed to the crime; (2) that he was entitled to a new trial on the basis of newly discovered evidence; and (3) that the consecutive sentences imposed by the state trial

court for his five convictions were contrary to Colorado law and thus illegal. The district court denied Davis' petition and subsequently rejected Davis' request for a COA. Davis has now renewed his request with this court.

II.

The denial of a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 may be appealed only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

*Ineffective assistance of counsel*

Davis argues that he received ineffective assistance of trial counsel because his counsel (a) failed to show him prior to trial a convenience store surveillance videotape refuting the testimony of a prosecution eyewitness that she was in a position to observe

defendant in the store, and (b) failed to introduce at trial a letter written by another person confessing to the crime. Because the Colorado Court of Appeals addressed these claims on the merits in affirming the denial of post-conviction relief, Davis can only prevail on those claims in this federal habeas proceeding if he can demonstrate that the state court's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Claims of ineffective assistance of counsel are governed by the Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984). To support such a claim, a defendant must show that his attorney's performance "'fell below an objective standard of reasonableness' and that the unreasonably deficient performance resulted in prejudice." Lucero v. Kerby, 133 F.3d 1299, 1323 (10th Cir. 1998) (quoting Strickland, 466 U.S. at 688, 691-92).

The district court concluded that the Colorado Court of Appeals, in rejecting Davis' ineffective assistance claim, reasonably applied the Strickland standards. More specifically, the district court agreed with the Colorado Court of Appeals that Davis had "fail[ed] to demonstrate any reasonable probability that the outcome of [his] trial would have been different but for [his] counsel's conduct." ROA, Doc. 25 at 11.

After examining the record on appeal, we conclude that Davis has failed to demonstrate that reasonable jurists could disagree with the district court's conclusion.

With respect to the issue of the surveillance videotape, the Colorado Court of Appeals found, as a matter of historical fact, that it was viewed by the jury at Davis' trial. Notably, Davis does not dispute this finding. In turn, the Colorado Court of Appeals concluded "that the eyewitness's credibility was a question that the jury considered at trial and resolved against defendant." In other words, the Colorado Court of Appeals effectively concluded that Davis could not establish he was prejudiced by his counsel's purported failure to show him the surveillance videotape prior to trial. In his application for COA, Davis offers no persuasive argument why this ruling was contrary to, or an unreasonable application of, Strickland. As for the issue of the purported confession letter, the state trial court found, and the Colorado Court of Appeals agreed, that Davis' trial "counsel made a tactical decision" not to introduce the letter because its authenticity was in question and the introduction of the letter would have allowed the prosecution to admit evidence that Davis had threatened the author of the letter on the morning of the trial. In light of this finding, the Colorado Court of Appeals in turn rejected Davis' assertion that his counsel acted unreasonably by failing to introduce the letter. In his application for COA, Davis does not seriously challenge either the state trial court's factual finding or the Colorado Court of Appeals' legal conclusion.

In sum, Davis has not demonstrated that "reasonable jurists could debate whether" his ineffective assistance claims "should have been resolved in a different manner or . . . were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484.

*Newly discovered evidence*

Davis bases his claim of "newly discovered" evidence on the fact that, at the evidentiary hearing on his application for state post-conviction relief, he was allowed, allegedly for the first time, to view the surveillance videotape that formed the basis for his ineffective assistance claim. Davis alleges that the prosecution eyewitness who testified regarding the robbery depicted in the videotape was not observable on the videotape and thus must have testified falsely. Not surprisingly, the Colorado Court of Appeals, in affirming the denial of Davis' application for state post-conviction relief, concluded that this did not qualify as new evidence.

The district court in this federal habeas action concluded that Davis' claim of newly discovered evidence failed to rise to the level of "an independent constitutional violation" and thus could not "provide any basis for federal habeas corpus relief . . . ." ROA, Doc. 25 at 12. We agree. In Herrera v. Collins, 506 U.S. 390, 400 (1993), the Supreme Court held that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding . . . ." Aside from his claim of ineffective assistance, which we conclude lacks merit, Davis has not asserted any independent constitutional violation that occurred during his trial. Thus, his claim of newly discovered evidence, standing alone, cannot provide the basis for federal habeas relief.

*Illegal sentence*

Davis contends that the state trial court violated Colorado state law by imposing consecutive, rather than concurrent, sentences for his armed robbery convictions. Although his argument is not entirely clear, Davis appears to be asserting that concurrent sentences were required because his convictions were all based on the same evidence. See People v. Muckle, 107 P.3d 380, 384 (Colo. 2005) ("It is only when the evidence will support no other reasonable inference than that the convictions were based on identical evidence that a sentencing court must find that the defendant is entitled to concurrent sentencing. In all other cases, the trial court retains its discretion and its sentencing decision must be upheld unless the trial court abused its discretion.").

It is uncontroverted that this claim is unexhausted because Davis failed to present it in his direct appeal or in his application for state post-conviction relief. Although Davis requested the opportunity to exhaust the claim and resubmit it after exhaustion, the district court refused to allow him to do so, concluding that "the claim now would be barred as successive and . . . by the three-year Colorado statute of limitations on collateral attacks." ROA, Doc. 25 at 5. In turn, the district court concluded that the claim was "procedurally barred because . . . Davis ha[d] failed to demonstrate cause and prejudice or a fundamental miscarriage of justice." Id. at 6.

In his application for COA, Davis disputes the district court's conclusion that he would now be precluded from raising the claim in Colorado state court. According to Davis, Colorado Rule of Criminal Procedure 35(a) allows for the correction of an illegal

sentence at any time.

Although Davis appears to be correct regarding the propriety of the district court's procedural ruling, we nevertheless conclude that he is not entitled to a COA on his illegal sentence claim. As noted, in order to obtain a COA, Davis must also establish that "jurists of reason would find it debatable whether [his] petition states a valid claim of the denial of a constitutional right." Slack, 529 U.S. at 484. After reviewing the record on appeal, we conclude that his illegal sentence claim is frivolous. In their answer to Davis' petition, respondents outlined in detail, and without dispute from Davis, the nature of the armed robbery charges and the evidence presented at trial to support those charges. Notably, each of the armed robberies occurred at a separate time and place, and the evidence presented in support of each charge was therefore different. For example, each of the convenience store clerks robbed by Davis testified at trial. Therefore, Davis cannot establish that, under Colorado law, the state trial court was precluded from imposing consecutive sentences. In turn, Davis cannot establish any type of federal constitutional violation arising out of his sentencing.

The request for a COA is DENIED, the motion to proceed IFP is DENIED, and the matter is DISMISSED. Appellant's "Motion Opposing Court Clerk's Decision and Requesting Court's Review Pursuant to F.R.A.P. 10th Cir. R. 27.3," is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-8-